FISHER *v.* FISHER.

The matrimonial rights of a wife, who married with the intention of removing into another State, must be governed by the laws of her intended domicil.

Where parties contracted a marriage in another State with the *bona fide* intention of estab-

lishing their matrimonial residence in this, and, within a reasonable time thereafter, become domiciled here, any property belonging to the wife before the marriage, received by the husband afterwards or at the time, will remain her separate estate, according to the laws of this State; and the mortgage of the wife for the security of her paraphernal rights will attach from the dates at which any sum of money may have been received by the husband, though received before the removal of the spouses to this State; and this without registry. C. C. 2367, 3297, 3298.

APPEAL from the District Court of St. Martin, *Overton, J. Heard*, for the plaintiff. *Maskell*, for the intervenor and appellant. No counsel appeared for the defendant. The judgment of the court was pronounced by

KING, J. The plaintiff sues for a separation of property from her husband, claiming certain slaves in kind, and several sums of money alleged to have been received by the latter during the marriage. To secure the reimbursement of the sums of money, she asks that a legal mortgage on the property of her husband be recognised and enforced. *Thomas Maskell*, a judgment creditor of the defendant, intervened in the suit, and opposed the wife's claims. A judgment was rendered in favor of the plaintiff for the slaves claimed, and for several sums of money, with a legal mortgage to take effect from the dates when the latter were respectively received by the defendant, and the intervenor has appealed.

From the evidence it appears that, in September, 1841, the defendant, who was at the time a citizen of this State, intermarried with the plaintiff in Nashville, Tennessee, with a view to a residence in Louisiana. He remained in Tennessee for nearly a year after the marriage, during which time he received several sums of money due to the plaintiff in her separate right. At the expiration of that time he returned to his domicil with his wife, bringing with him the property of the latter, and has continued to reside here ever since. Previous to the marriage a deed of trust was executed by the plaintiff, by which the property described in the act (being the same claimed in this suit,) was conveyed to trustees, to be held for her use until the celebration of the marriage, upon which event it should vest in the plaintiff, as her separate estate, for her sole use. This act was not registered in the office of the parish judge of the defendant's domicil, until February, 1843.

The correctness of the judgment, as regards the slaves decreed to the plaintiff, has not been seriously questioned, and the evidence leaves no doubt that the several sums awarded to the wife were her paraphernal funds, received by the husband at the dates fixed by the judge below. The complaint of the intervenor relates principally to the recognition of the plaintiff's right of mortgage. He contends that the plaintiff having been a citizen of another State at the time of her marriage, and when several of the sums claimed by her were received by her husband, no mortgage attached in her favor to secure the reimbursement of those sums, previous to her becoming a resident of this State. He further contends that the legal mortgage took no effect to the prejudice of third persons, until the registry of the act furnishing the evidence of her claim.

As regards the right of the plaintiff to the effects which she owned at the date of her marriage, this case is not distinguishable from that of *Routh v. Routh*, 9 Rob. 224, in which it was held that where " parties contracted marriage with the *bona fidé* intention of making Louisiana the place of their common or matrimonial residence, and, in pursuance of such intention, did, within a reasonable time, become domiciled in this State, then the property belonging

to the wife before the marriage, and received by the husband afterwards or at the time, remained her separate estate, according to the laws of Louisiana."

The principle is well settled that the matrimonial rights of the wife, who marries with the intention of removing into another State, must be governed by the laws of her intended domicil. 2 Mart. N. S. 574. 3 Mart. 60. Story, Confl. of Laws, no. 191, *et seq.* The intended matrimonial domicil of of these parties was Louisiana; and, by our laws, the mortgage of the wife, for the security of her paraphernal rights, attaches from the dates at which sums of money are received by the husband, and this without registry. This question can no longer be considered open. C. C. 2367, 3297, 3298. 10 Rob. 159. 6 La. 25. 10 La. 303.                                    *Judgment affirmed.*