ployed, and he was certainly not acting in bad faith.

As stated above, the lower judge doubtless knew the parties and witnesses personally, saw and heard them testify, and we are not disposed to disturb his finding on the question of fact involved.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellants.

---

(83 South. 906)

No. 23750.

CUNY v. CUNY.

(March 1, 1920.)

*(Syllabus by Editorial Staff.)*

1. DIVORCE ⬤⟳214(4)—SEPARATION FROM BED AND BOARD; DENIAL OF CRUEL TREATMENT NO DEFENSE ON RULE FOR ALIMONY PENDING SUIT FOR SEPARATION.

On rule for alimony pending wife's suit for separation upon ground of cruel treatment, husband's denial of wife's allegations as to cruelty constituted no defense, since issue raised thereby could only be decided upon trial of the case, until which time plaintiff was entitled to alimony.

2. HUSBAND AND WIFE ⬤⟳3(1)—WIFE'S OBLIGATION TO ACCEPT RESIDENCE PROVIDED IS SUBJECT TO HUSBAND'S PERFORMANCE OF HIS OBLIGATIONS.

The marital obligation imposed by Civ. Code, art. 120, that wife is bound to live with husband and follow him wherever he chooses to reside, must be construed with reference to the obligations of the husband, and with reference to the right of the wife to put an end to the matrimonial relation for any one of the causes specified in article 138.

3. DIVORCE ⬤⟳217—SEPARATION FROM BED AND BOARD; REDUCTION OF TEMPORARY ALIMONY WITHIN CONTROL OF COURT.

Reduction of the amount of alimony allowed wife pending her suit for separation is within the control of the court having jurisdiction of the suit for separation.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Action by Mrs. Ernestine Marshall Cuny against Frank August Cuny. From judgment allowing plaintiff alimony during the pendency of the suit, defendant appeals. Affirmed.

Edward Rightor, of New Orleans, for appellant.

McGiehan & Ramos, of New Orleans, for appellee.

O'NIELL, J. The defendant appeals from a judgment allowing his wife $12.50 a week for alimony during the pendency of her suit for separation.

The demand for a judgment of separation, preliminary to an absolute divorce, is founded upon allegations of cruel treatment on the part of the husband, making it intolerable for the plaintiff to remain in the house where her husband insists she shall live with him.

In answer to the rule for alimony, defendant adopted his answer to the suit for separation; that is, he denied that the plaintiff had been treated cruelly or unkindly, and insisted that she should return to the home of his parents, where he had taken her to live with him. The record does not disclose that either party asked for a prompt trial of the suit for separation.

[1] Appellant contends that his answer to the suit and to the rule for alimony, in which he says that he is willing that his wife shall return and live with him in the home of his parents, and that she will be treated kindly there, puts an end to any grievance she may have had, and shows that she has no cause or right of action now for separation. In his argument and in the brief filed in this court appellant's attorney takes the view that the cause of action alleged by plaintiff is that her husband abandoned her by refusing to provide a matrimonial domicile apart from that of his parents, with whom plaintiff was not willing to live. But that is not the cause

of action alleged in plaintiff's petition. The issue presented by the pleadings in the suit for separation is whether the plaintiff was treated cruelly, and whether the treatment she received was such as to make it intolerable for her to remain in the house where her husband insists upon her living with him. That issue is not presented for decision in the rule for alimony. It can only be decided upon trial of the suit for separation. Until it is decided the plaintiff is entitled to alimony.

[2] The marital obligation imposed by article 120 of the Civil Code, that the wife is bound to live with her husband and to follow him wherever he chooses to reside, must be construed with reference to the obligations of the husband, and with reference to the right of the wife to put an end to the matrimonial relation for any one of the causes specified in article 138 of the Code.

[3] Defendant did not demand a reduction of the amount of alimony allowed; a matter which, pendente lite, is within the control of the court having jurisdiction of the suit for separation.

The judgment appealed from is affirmed at appellant's cost.