## PAYNE v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10738.

Circuit Court of Appeals, Fifth Circuit.
March 10, 1944.

J. Paul Jackson, of Dallas, Tex., for petitioner.

Robert Koerner, Sewall Key, and Robert N. Anderson, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Claude R. Marshall,

Sp. Atty., Bureau of Internal Revenue, both of Washington, D.C., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The case concerns income taxes for 1938 and 1939, and the question is whether the income of petitioner consisting of dividends from an estate and from two corporations is community income because of her having left her then husband in Ohio and come to Texas to live. The husband's income, being his earnings, was small compared to hers. Both incomes were treated as community income in the returns of each, but the Commissioner held there was no community income, and taxed to the husband his earnings, and to petitioner her dividends. The Tax Court upheld the resulting assessments against her.

The petitions for redetermination of the taxes assert these to be the facts as to domicile: "The petitioner and her former husband, Robert B. Keeler, were formerly domiciled in the State of Ohio. On or about December 27, 1937, the petitioner permanently removed her domicile from Ohio to Texas and in January 1938, purchased a home in Bowie County, Texas, in which she continued to reside up to the present time. The petitioner's husband continued to reside in Ohio. During the year in question the petitioner was separated from her husband permanently and during such year she maintained a separate domicile in Texas separate and apart from her husband residing in Ohio." The husband obtained a divorce in Ohio in 1940. The Tax Court, following the testimony of the husband, held that the agreement to separate did not come till the very end of the period we are considering here "over the turn of the year 1939 and 1940", and that there was no desertion of the wife by the husband. It also found that no claim was ever made by the husband to a part of the wife's income, nor did she recognize any such right in him, though she contributed something to his support. There was no settlement in his favor at the time of the divorce or since. The court was of opinion that the dividends belonged entirely to the wife according to the law of Ohio, the matrimonial domicile, and that her removal to Texas with her husband's consent did not give her a separate domicile, but if it did, the husband acquired no title to half her income thereby because

the matrimonial domicile was not changed by her removal to Texas.

■ We think the Tax Court is right. The case does not concern land, or the income from land, as to which the situs of the land is controlling. See Commissioner v. Skaggs, 5 Cir., 122 F.2d 721. Nor is it one where the husband with his wife's consent has removed to a community property state, probably changing the matrimonial domicile. In Texas, and generally elsewhere, as the Tax Court points out, the wife's domicile normally is fixed by that of the husband. She may, when deserted by the husband or finally separated from him, acquire a separate domicile, but it is because of the necessities of her situation. In Cheever v. Wilson, 9 Wall. 108, 124, 19 L.Ed. 604, where the jurisdiction of a suit for divorce was in question, the court said: "The rule is that she may acquire a separate domicil whenever it is necessary or proper that she should do so. The right springs from the necessity for its exercise, and endures as long as the necessity continues". We perceive no necessity or propriety in raising a separate domicile here. The husband and wife, though contemplating separation and divorce for incompatibility, were friendly, co-operating in their tax returns, in a child's wedding, and in the divorce which was postponed because of the wedding. The wife continued to collect her dividends in 1938 and 1939 as she had always done, gave him what she wished to, and kept the rest. Neither recognized that her living in Texas had raised a marital community between them, except as she claimed the tax advantage therefrom in the tax returns she had prepared and sent to him to sign. If, as is argued, the Texas law put her income into a community, equally the Ohio law did not put his income into it, and the mutuality contemplated by the Texas marital partnership was entirely lacking. In the absence of controlling authority otherwise, we hold that for purposes of federal income taxation no marital community existed in this income, and therefore the judgment is affirmed.

WALLER, Circuit Judge (specially concurring).

■■ Marital community is like, or in the nature of, a partnership between husband and wife, but it is not in Texas a matter of agreement and is brought about by operation of law. Ohio is the matri-

monial domicile and the law of Ohio does not provide for community property. Even if community could be created by contract, the parties did not attempt to contract for an equal division of acquests and gains when the wife moved to Texas. In view of the absence of any obligation, statutory, contractual, or otherwise, on the part of the husband to divide his Ohio acquests and gains equally with his wife, it would seem unusual for the husband to have one-half of the earnings of his wife under the laws of Texas while the wife was not entitled to one-half the earnings of the husband under the laws of Ohio. The laws of Texas, having no extra-territorial effect, could not give the wife one-half of her husband's earnings in Ohio.

 There is a rule of law that the domicile of the husband is the domicile of the wife and this law obtains in Texas. The circumstances must be out of the ordinary before the law will declare that the domicile of the wife is the domicile of the husband. The wife, therefore, is usually obliged to take the domicile of her husband. The law casts upon her that duty, in ordinary situations, and since this is true it invests her with correlative rights, one of which, in community states, is to share in the earnings of her husband so long as the community is not disrupted. But the law does not impose upon her husband the duty, ordinarily, to accept the domicile of the wife, nor does it invest him with the same concomitant or correlative rights as the law confers upon the wife. The wife, who must accept the burden of her husband's domicile, must be accorded the benefits that attach to such domicile, but the husband, not being required to accept the wife's domicile, is not in the same position as to benefits that inure to her in the domicile of her husband. Therefore, cases decided by the Texas Courts dealing with rights of the wife in community are not controlling. Rights of husband and wife in the community are not entirely parallel.

The marital domicile, having been established in Ohio, remains there until it is established somewhere else, and the change of domicile by the wife alone will not have the effect of changing the marital domicile theretofore established in Ohio. The marital domicile is not susceptible of division. Rights that inhere in the marital relationship stem from the law of the marital domicile. Community rights are born only in wedlock and cease to exist upon dissolution of the marital status.

The theory of the law of the marital community seems to demand a refusal to give any legal effect to a voluntary separation of those who are bound by the most solemn obligations to live together.

Husbands and wives residing in states where they hold property under the community enjoy a distinct advantage in the matter of Federal income taxes over husbands and wives residing in states where they do not hold property under the community, and that disparity should not be extended by judicial construction, to the end that husbands would be encouraged to evade both their wives and their taxes by persuading their wives to take their income-producing movables to a community property state where the income therefrom could be cut in two for income tax purposes.

SIBLEY and McCORD, Circuit Judges, concur also in the foregoing opinion.