Theodore A. MARTIN, Appellant,

v.

ETHYL CORPORATION, Appellee.
No. 20804.

United States Court of Appeals
Fifth Circuit.
Jan. 11, 1965.

R. W. Williams, Jr., Baton Rouge, La., for appellant.

C. W. Phillips, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for appellee.

Before HUTCHESON and BROWN, Circuit Judges, and CHRISTENBERRY, District Judge.

CHRISTENBERRY, District Judge:

This is an appeal from a judgment of the district court dismissing appellant's suit for lack of jurisdictional amount, and from its subsequent order denying appellant's motion to amend.

This suit was brought by appellant, Theodore A. Martin, as head and

1

master of the community of acquets and gains existing between himself and his wife, Lorraine Martin [1] for damages to the community [2] allegedly sustained as a result of the arbitrary and unreasonable discharge of Mrs. Martin from her employment by appellee, Ethyl Corporation. The complaint alleges that at the time of the discharge, which occurred on July 30, 1962, Mrs. Martin, an employee of appellee for some twelve years, was a member in good standing of the Allied Oil Workers Union, and as such was a party beneficiary to a collective bargaining agreement between appellee and the Union; that his wife's discharge was arbitrary, unreasonable and without cause, in violation of the agreement,[3] and that she was denied certain procedural protections guaranteed by the agreement.[4] Jurisdiction in the case was based on allegations that there was diversity of citizenship between the parties, and that the suit involved an amount in excess of $10,000.00, exclusive of interest and costs. 28 U.S.C.A., § 1332.

On appellee's motion to dismiss,[5] the district judge entered judgment dismissing the complaint for lack of jurisdiction, finding that any wages which may have been lost by the community by reason of Mrs. Martin's discharge could not have reached the required jurisdictional amount.[6]

In passing on the motion to dismiss the court had before it an affidavit of the payroll supervisor of appellee showing that at the time of her discharge Mrs. Martin was earning $522.00 per month. It was further shown that the collective bargaining agreement which secured Mrs. Martin's employment was automatically renewed each June 2, for a twelve month period, unless either party, according to specified procedures, called for its termination. Thus the agreement had been renewed on the June 2 preceding the July 30 discharge. On the basis of these factors the district judge concluded that appellee's obligation not to discharge Mrs. Martin "would not *necessarily* have continued beyond the next possible termination date of the Collective Bargaining Agreement, which was June 1, 1963," and held that the maximum amount of lost wages to which the Martin community would be entitled because of the discharge would be $522.00 for the remaining 10 months of the agreement, or $5220.00.

Subsequent to the dismissal of the complaint, appellant moved for rehearing and at the same time sought leave of court to amend his complaint in order to allege as an alternative jurisdictional ground section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185. The district judge denied both motions and this appeal ensued.

1. LSA–C.C.P. Art. 686: "The husband is the proper plaintiff, during the existence of the marital community, to sue to enforce a right of the community. * * *"

2. Under Louisiana law a claim for wages of a wife who is living with her husband belongs to the community. LSA–R.C.C. Arts. 2334, 2402; Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954); Houghton v. Hall, 177 La. 237, 148 So. 37 (1933); Succession of Howell, 177 La. 276, 148 So. 48 (1933); De Maupassant v. Clayton, 214 La. 812, 38 So.2d 791 (1949). It follows that the same is true of other rights incident to the wife's employment.

3. Appellant alleges that the collective bargaining agreement provides that employees can be discharged for cause only.

4. The agreement provides: "At the time an employee is to receive an Incident Report, a UNION representative will be present." Appellant asserts that such procedure was not followed preparatory to his wife's discharge.

5. The motion, more properly a motion for summary judgment, was urged on the following grounds: 1) that the complaint failed to state a claim against the defendant upon which relief could be granted; 2) that the action was not brought by a real party in interest; 3) that the complaint did not allege privity of contract; and 4) that the amount in controversy was less than $10,000.00 exclusive of interest and costs.

6. The remaining grounds for the motion were held to be insufficient. See opinion of the district court; 218 F.Supp. 416 (E.D.La., 1963).

■ We think that the court erred in restricting the maximum possible worth of the present suit to the actual wages which might have been earned by Mrs. Martin only to the next termination date of the collective bargaining agreement.

First, as appellant points out, by the district judge's action he was precluded from establishing that as a result of the discharge his wife and the community were deprived not merely of the wages that she would have earned by continued employment but also of other benefits incidental to her employment, such as seniority rights, retirement benefits, etc., the loss of which may have been compensable should illegal discharge be established.

Secondly, we find no justification or substantial reason to suppose that the collective bargaining agreement would not have been continued beyond the next termination date, or that Mrs. Martin would not otherwise have remained employed in her position. That the contract *could have been* terminated does not warrant the inference that *it would,* or necessarily *had to be,* terminated, and so long as the agreement existed and would continue to exist according to its present terms, Mrs. Martin's employment would be accordingly secure.

We realize that in the event appellant would be successful in establishing that his wife's discharge was in violation of the agreement, some difficulty might be experienced by the jury in assessing damages. It may, concededly, become necessary for the jury to consider legal possibilities. This, however, is often the duty of a jury: to use the process of probabilities to resolve such indeterminate matters as life or work expectancy, or duration of future disability or pain, in cases where there is no positive assurance that the claimant will continue to live, work or experience pain. Just as a court in a personal injury case would not be justified in substituting in advance of proof its value determination for that of the jury, so, in this case, it is our opinion that the court was not warranted in so doing on the question of probable duration of the bargaining agreement.[7]

We think that the value of appellant's claim is open to fair controversy and not subject to a legal certainty that it could under no reasonable circumstances reach the required jurisdictional amount.

## II

■ Section 301 of the Labor Management Relations Act, 29 U.S.C.A. 185, under which appellant sought alternative jurisdiction by his motion to amend, provides:

(a) "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. * * * "

Clearly this section purports to place in the federal district courts jurisdiction over controversies arising from violations of collective bargaining agreements, irrespective of diversity of citizenship and jurisdictional amount. And any previous doubts as to whether the section provides a jurisdictional basis for suits by individual employees against their employers for breach of collective bargaining agreements have been dispelled by the clear language and holding of the Supreme Court in Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L. Ed.2d 246 (1962), 371 U.S. at 200, 83 S.Ct. at 270:

"The concept that all suits to vindicate individual employee rights arising from a collective bargaining contract should be excluded from the coverage of § 301 has thus not survived. The rights of individual em-

---

7. An opposite result was reached in Odell v. Humble Oil & Refining Co., 201 F.2d 123 (10th Cir., 1953), cert. den., 345 U.S. 941, 73 S.Ct. 833, 97 L.Ed. 1367.

**4**

ployees concerning rates of pay and conditions of employment are a major focus of the negotiation and administration of collective bargaining contracts. Individual claims lie at the heart of the grievance and arbitration machinery, are to a large degree inevitably intertwined with union interests and many times precipitate grave questions concerning the interpretation and enforceability of the collective bargaining contract on which they are based. To exclude these claims from the ambit of § 301 would stultify the congressional policy of having the administration of collective bargaining contracts accomplished under a uniform body of federal substantive law. This we are unwilling to do."

Appellant has alleged sufficient standing to invoke the jurisdiction of the court under section 301; and we think that the court below abused its discretion in not allowing appellant to amend. Rule 15(a), Federal Rules of Civil Procedure, dictates that leave to amend "shall be freely given when justice so requires." Interpreting this rule the Supreme Court said in Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), 371 U.S. at 182, 83 S.Ct. at 230:

> "If the underlying facts and circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given'."

On the basis of this record we find no valid reason for excluding appellant from the benefits of the liberality of Rule 15; and we find no compelling, or even apparent reason, for the district court's denial of appellant's motion to amend. See: Foman v. Davis, supra; Lone Star Motor Import, Inc. v. Citroen Cars Corp., 5th Cir., 1961 288 F.2d 69; 3 Moore, Federal Practice, Secs. 15.08, 15.09, 15.10.

Reversed and remanded.