MILLER, Judge.
Carl Self filed this suit for divorce from his wife, Brenda Self, alleging her adultery with one Richard Loftin. Plaintiff also asked for custody of his minor daughter, Veronica, who is presently living with her mother, the defendant. The trial court appointed an attorney to represent the absent defendant.
After a hearing on the merits, the trial court granted a judgment of divorce, and awarded custody of the minor child to plaintiff. Defendant has appealed from the judgment of divorce and the custody.
Plaintiff and defendant set forth the basic issues as being: 1) Whether adultery was proved, 2) Whether the trial court has jurisdiction of the custody question and 3) Assuming jurisdiction, whether the father should be given custody. A review of this record convinces us we are unable even to consider these three questions.
Carl and Brenda Self were married in Lake Charles, Louisiana, on April 20, 1961. They lived in Beauregard Parish from August of 1964 until they separated on March 17, 1968. Brenda Self filed a separation suit in Beauregard Parish and obtained, uncontested, a judgment on April 26, 1968. This judgment of separation also *519 awarded to Brenda the custody of their minor child, Veronica. The present divorce suit was filed by Carl Self on January 24, 1969. It has no connection whatsoever with the separation suit filed by his wife, Brenda. Carl Self alleged in his divorce suit that his wife resided in Houston, Texas and claimed she was living there in adultery with another man. Brenda Self did not make a personal appearance at the trial and all appearances were made through court appointed counsel who was Brenda’s counsel of record in the separation suit.
At the trial the evidence of adultery may have been sufficient, but clearly the only proof which could be considered competent consisted of acts which supposedly took place in Houston, Texas. Code of Civil Procedure Article 10, subd. A (7) requires that the grounds for divorce be committed or have occurred in this State or the matrimonial domicile must be in Louisiana, to-wit:
“A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
* * * * * *
“(7) An action of divorce, or of separation from bed and board, if one or both of the spouses are domiciled in this state and, except as otherwise provided by law, the grounds therefor were committed or occurred in this state, or while the matrimonial domicile was in this state.”
Clearly under the evidence at the trial and plaintiff’s allegations, the grounds (adultery) were committed or occurred in the State of Texas.
The question of matrimonial domicile requires more thought. Can husband and wife have a matrimonial domicile after a judgment of separation? We must answer the question in the negative.
In his Treatise on the Civil Law, Vol. 1, No. 1314, Planiol answers the question in convincing language, to-wit:
“The separation of habituation does not apply solely to the residence of the spouses but extends to their domicile. If the wife’s legal domicile is deemed to be that of her husband, it is because she is obliged to live with him. When this obligation ceases, the community of domicile should .also end. The wife separated from bed and board is therefore thenceforth capable of choosing a domicile and of changing it at will. The jurisprudence recognizes this. The law of February 6, 1893 says so categorically (new Art. 108, § 2).”
When Brenda Self obtained a judgment of separation on April 26, 1968, the matrimonial domicile was extinguished. She was no longer obliged to live with Carl Self and therefore was capable of choosing a domicile of her own and changing it at will. Presumably she did so when she moved to Houston, Texas. See also Bush v. Bush, 232 La. 747, 95 So.2d 298 (1957) and Douglas v. Douglas, 146 So.2d 227 (La.App. 3rd Cir. 1962).
Accordingly, since the grounds (adultery) supposedly occurred in Texas and there was no matrimonial domicile, the Louisiana Courts have no jurisdiction in this suit for divorce.
Having decided the plaintiff cannot maintain his divorce suit in Louisiana under LSA-C.C.P. art. 10, subd. A(7), can the Louisiana Court then consider the question of custody? We think not. The present divorce has no connection with the original separation suit, and in the present suit, the question of custody was merely an incident to the suit for divorce and falls with the principal demand. Our decision in this suit for divorce does not preclude plaintiff’s seeking a change of custody in the original separation suit; provided Louisiana still has jurisdiction of the cus *520 tody status, as to which we express no opinion.
The judgment of the trial court granting plaintiff a divorce and the custody of his child is reversed. All costs are to be paid by plaintiff-appellee.
Reversed.