287 So.2d 722 (1973)
Aurora B. BOWERS, Appellant,
v.
John P. BOWERS, Appellee.
No. T-401.
District Court of Appeal of Florida, First District.
December 11, 1973.
Rehearings Denied January 30, 1974.
John F. Fannin, of Milam, Martin & Ade, Jacksonville, for appellant.
Robert W. Elrod, of Montgomery, Buschman, Elrod & Showalter, Jacksonville Beach, for appellee.
JOHNSON, Judge.
The appellant-wife seeks reversal of an order dismissing her petition for dissolution of marriage for lack of jurisdiction.
The facts of this case are not in dispute. The parties herein were married in the State of Massachusetts in November of 1969. After a brief honeymoon, appellant and appellee, who is a Commander in the United States Navy, moved with their furniture into base housing at Key West, Florida. Prior to the marriage, appellant was a citizen of Vermont and appellee's pre-Navy home was in Norfolk, Virginia. The parties remained at their base home in Key West from December, 1969 to May, 1971, at which time appellee received orders to the U.S.S. Saratoga, which was then home-based in Mayport, Florida. The parties immediately moved their belongings from Key West to Jacksonville, did some travelling and then appellant moved into base housing at Mayport while her husband was involved in overseas' duty. The appellee returned to Mayport on February 14, 1973, and shortly thereafter appellant informed appellee that she considered their marriage relationship beyond saving and that she would not be accompanying him to *723 his next duty assignment in Virginia. The appellant's petition for dissolution of marriage was filed in the Circuit Court of Duval County on April 2, 1973.
Appellee then filed a motion to dismiss the petition for lack of jurisdiction alleging that appellant had not been a bona fide permanent and continuous resident of Florida for more than six months before filing the petition. A hearing was held and appellant testified that she had not decided in which state she would eventually make her home, that she would probably leave the State of Florida after the dissolution and that she remained in Florida for the purpose of obtaining the dissolution. The appellee testified that he never intended to make the State of Florida his residence but had considered Norfolk, Virginia as his permanent residence.
In its order of dismissal, the trial court found that while the appellant-wife had been physically present in Florida for more than six months prior to the filing of her suit, she did not acquire a separate domicile from her husband until about six weeks prior to filing her petition, and therefore she did not have the required six months residency. The trial court took into consideration F.S. § 47.081, F.S.A., pertaining to maintenance of legal actions by members of the military or naval service, but found that physical presence in the State because of military orders must be accompanied by an intent to make such State his domicile or legal residence. It was then concluded that since the appellee-husband had no intent to make Florida his permanent or indefinite home, appellant-wife would have no greater standing to bring suits in this State.
Appellant points out that legal residence for the purpose of maintaining suit includes three elements: physical removal of the person to the State, intent to remain in the State indefinitely or permanently and actual maintenance of physical residence for six months. She contends that she has met these requirements by being physically present in Florida for more than six months with the intent to remain in Florida indefinitely. It is then alleged that in order to effect a change in domicile after having established a legal residence, there must be both an actual departure from the State with an intent to make some other State the new place of residence. The mere intention to leave the State in the future will not operate to deprive one of his or her legal residence. In essence, appellant contends that the good faith requirement of residency looks back to the point in time when residency was established and that "intent to remain" is not to be ascertained at the courthouse door.
Appellant further contends that the trial court limited its inquiry into the fact of appellant's residency by focusing upon the husband's intention and domicile, rather than considering the separate facts surrounding her residency and intentions. It is urged that a wife, who is no longer considered her husband's chattel and whose rights are as paramount as the husband, is entitled to establish a legal residency in her own right regardless of her husband's intent regarding his legal domicile. It is contended that to pronounce appellant a legal resident of Virginia, the domicile of appellee, when she had never even lived in Virginia is absurd.
It is our considered opinion that the appellant's arguments have great merit. The theme that has prevailed in many recent cases dealing with women's rights, responsibilities and obligations is that "the fallacy of treating the feminine members of our society on anything but a basis of complete equality with the opposite sex ... would be completely anachronistic." Beard v. Beard, 262 So.2d 269 (Fla. App. 1st, 1972). And, as enunciated in Markham v. Markham, 265 So.2d 59, at 62 (Fla.App. 1st, 1972):
"A married woman is no longer her husband's chattel. She is a citizen  she is an individual  and her rights are as paramount as his. The law properly protects married women in their right to independently acquire, encumber, accumulate *724 and alienate property at will. They now occupy a position as equal partners in the family relationship resulting from marriage ..."
This being so, it is our conclusion that it would be "completely anachronistic" to hold that a wife could not obtain a domicile or residency different than that of her husband until the actual physical separation of the parties. We think that the facts of this case do not support the trial judge's finding that the appellant herein merely ceased to consider her husband's domicile as her own approximately six weeks prior to the filing of her petition for dissolution of marriage. There is no evidence whatsoever in the record before this Court that appellant ever considered Virginia to be her permanent residence or domicile. On the contrary, the record illustrates that when the appellant moved to Florida with her husband in 1969, her intention was to remain indefinitely, such being the nature of military living. We think it would be unfair and inequitable to deprive appellant of the court services of this State when she has been physically present in the State for more than three years with the intenton during that period to remain in Florida indefinitely. The fact that she may eventually leave Florida sometime after the dissolution proceeding does not operate to deny her access to Florida's courts before such departure. It should also be noted that F.S. § 47.081, F.S.A., states that any person in the service, and the husband or the wife of any such person, if living within the borders of the state, shall be prima facie a resident of the state for the purpose of maintaining any action.
In conclusion, we feel and so hold that the trial court erred in focusing its inquiry as to jurisdiction on the husband's residential or domiciliary status and placing undue weight thereon. It was the residence of the appellant which was determinative of the issue, and the facts of this case illustrate that appellant was a bona fide resident of Florida for six months prior to the filing of the petition for dissolution of marriage. This holding does not give the appellant-wife a greater legal standing than appellee has. It simply recognizes the equality of both persons involved herein and the concomitant right of each to establish legal residency when the requisite factors are present.
The order dismissing appellant's petition for dissolution of marriage is reversed and the cause is remanded for further proceedings on the merits.
Reversed and remanded.
SPECTOR, Acting C.J., and YAWN, THERON A., Jr., Associate Judge, concur.