339 So.2d 250 (1976)
Hazel Ruth SIMPSON, Appellant,
v.
Leonard Buford SIMPSON, Appellee.
No. 75-1189.
District Court of Appeal of Florida, Second District.
November 3, 1976.
Rehearing Denied December 9, 1976.
Ronald J. Hoffer, of Hoffer & Sheffey, Zephyrhills, for appellant.
William F. Brewton, of Brewton & Council, Dade City, for appellee.
PER CURIAM.
Appellant/wife timely appeals from an order dismissing her petition for dissolution of marriage. The trial court found that the wife had not resided in this state for six months immediately preceding the filing of her petition and that the appellee/husband was a resident of the State of Ohio.
The record on appeal does not include a transcript of the hearing on appellant's petition. The record does include the statements made on February 20, 1976 by the trial judge who presided at that hearing stating his recollection of the testimony and findings of fact. The judge stated at that time that
[a]s a matter of law, I don't think the husband and wife can live together and have  can maintain separate residences.
While this is a correct statement of the common law rule it is no longer the law in Florida, and the trial court applied an incorrect principle of law. Residence of a wife does not necessarily follow that of her husband but is to be determined according to the facts pertinent to her as an individual. See, e.g., Bowers v. Bowers, 287 So.2d 722 (Fla. 1st DCA 1973).
REVERSED and REMANDED for further appropriate proceedings.
HOBSON, A.C.J., and BOARDMAN and SCHEB, JJ., concur.