355 So.2d 566 (1978)
Joe A. JARRED, Plaintiff-Appellant,
v.
Thelma M. JARRED, Defendant-Appellee.
No. 6307.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1978.
*567 Kramer & Davis by James Davis, Alexandria, for plaintiff-appellant.
Frank R. Bolton, Jr., Alexandria, Henry H. Lemoine, Jr., Pineville, for defendant-appellee.
Before GUIDRY, FORET and JOHNSON, JJ.
FORET, Judge.
This is a suit for partition of the community of acquets and gains between a husband and wife. The district court held that a wife and husband who live separate and apart without a judgment of separation have different rights as regard to their earnings. Specifically, the district court held that the wife's earnings while she was living separate and apart from her husband, before divorce, were her separate property, but that the husband's earnings while living separate and apart from his wife, before divorce, fell into the community of acquets and gains.
After the separation in fact, but before the divorce, both Joe Jarred and Thelma Jarred, at various times, paid the house notes and house insurance on the community home. Both parties claim reimbursement from the community for these expenditures. The district court held that the wife was entitled to a 100% credit for money she expended on house payments, paid out of funds earned by her while she was living separate and apart from her husband, based on the fact that her earnings thus earned were her separate property. The district court further held that since the earnings of the husband living separate and apart from his wife were community earnings, the husband was not entitled to credit for monies expended on community debts such as house payments, house insurance, and the like. The district court further held that the wife's equity in the Federal employees retirement program earned during the marriage was her separate property; however, the trial court awarded to the husband, a credit of $1,402.31, representing his half of the community funds which had been deducted from the wife's salary and placed in her retirement fund under the Federal Employees Retirement System.
Joe Jarred and Thelma Jarred were married on September 4, 1948. On December 15, 1972, they commenced living separate and apart. No petition was ever filed by either of them for a separation from bed and board. On March 9, 1976, a petition for divorce was filed, and on April 21, 1976, a judgment of divorce was rendered.
During the time in which she was separated in fact from Joe Jarred, Thelma M. Jarred expended from her earnings, the sum of $2,386.75 in payment of community debts (payment of a community loan, house note, and insurance on the family residence). During the same period of time, Joe Jarred made payment on similar community debts in a total amount of $4,826.88.
Defendant-appellee, Thelma M. Jarred, has been an employee of the Federal Clerk of Court's Office in Alexandria, Louisiana, for the past seventeen years. During her tenure, deductions were made from her paycheck and placed in a retirement system for Federal Employees. From the period beginning August 9, 1961 (her first day of employment), and ending December 31, 1972, deductions in the total amount of *568 $2,804.62 had been made toward the retirement system.
Simply stated, the issues are: (1) were the wife's earnings while living separate and apart from her husband, her separate property; (2) the constitutionality of Louisiana Civil Code Article 2334 wherein it makes a distinction between the earnings of the wife, in a case such as this, and those of the husband, while living separate and apart; and (3) the classification of the wife's benefits under the Federal Employees Retirement System, i. e., whether separate or community property.
Louisiana Civil Code Article 2334 provides that the earnings of the wife while living separate and apart from her husband, even though not judicially separated, are her separate funds. Any doubt concerning the interpretation of this article was resolved by the Louisiana Supreme Court in Houghton v. Hall, 177 La. 237, 148 So. 37 (1933).
At 148 So. 42, the Supreme Court said:
"It cannot be questioned, with any degree of plausibility, that the earnings of the wife, with the view of protecting her, while in an unfortunate position, against the possible acts of her husband, are, by the act [La.C.C. Art. 2334], made her separate property, when she is living apart from him, although there has been no separation from bed and board decreed by any court."
In Succession of LeJeune, 221 La. 437, 59 So.2d 446 (1952), the Louisiana Supreme Court reiterated the Houghton rule. Clearly, the trial court in this case was correct in concluding that the earnings of Thelma Jarred, while living separate and apart from her husband, though not judicially separated, were her separate property under LSA-C.C. Art. 2334, and Houghton and its progeny. In fact, the principle is so well established that while Houghton has been extensively cited on other points, it has been very sparsely cited on the issue with which we are here involved.
Joe Jarred next claims that Louisiana Civil Code Article 2334 is violative of the Louisiana Constitution in that it discriminates against the husband by classifying his earnings, while living separate and apart from his wife, to be community property, while those of the wife, under similar circumstances, are classified as her separate property.
The Louisiana jurisprudence is well settled that all laws are presumed to be constitutional, and that a litigant cannot question the constitutionality of a statute unless its unconstitutionality is specially plead and the grounds particularized. Johnson v. Welsh, 334 So.2d 395 (La.1976); Becker v. Allstate Ins. Co., 307 So.2d 101 (La.1975); Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971); City of Shreveport v. Pedro, 170 La. 351, 127 So. 865 (1930). The corollary of this rule is that a litigant who fails to plead and put at issue the unconstitutionality of a statute in a trial court cannot raise the constitutional issue in the appellate court. Johnson v. Welsh, supra; Summerell v. Phillips, supra; Maher v. City of New Orleans, 256 La. 131, 235 So.2d 402 (1970); State ex rel. McAvoy v. La. State Board of Medical Examiners, 238 La. 502, 115 So.2d 833 (1959); Southern Enterprises v. Foster, 203 La. 133, 13 So.2d 491 (1943); Greer v. Greer, 346 So.2d 846 (La.App. 1 Cir. 1977); Miller v. Hoyle, 328 So.2d 757 (La.App. 1 Cir. 1976); Barnes v. Dixie Electric Membership Corp., 323 So.2d 247 (La.App. 1 Cir. 1975); Leger v. La. Department of Wildlife & Fisheries, 306 So.2d 391 (La.App. 3 Cir. 1975), writ, denied 310 So.2d 640; Smith v. City of Alexandria, 300 So.2d 561 (La.App. 3 Cir. 1974), writ denied 303 So.2d 186 and 303 So.2d 187; Simon v. Jefferson Davis Parish School Board, 289 So.2d 511 (La.App. 3 Cir. 1974), writ denied, 293 So.2d 178.
Joe Jarred's pleadings in the trial court did not raise the unconstitutionality of Article 2334. Similarly, at trial, appellant did not attempt to assert the unconstitutionality of this statute. The issue was first raised by appellant in a motion for a new trial, and then only after the trial court indicated in its written reasons for judgment that a constitutional issue might be involved. However, the trial court stated *569 that it was not passing on the constitutional issue because Joe Jarred had not timely raised the issue, and the court could not do so on its own motion.
We are of the opinion that the issue of the unconstitutionality of a statute, when first raised in a motion for new trial, after judgment adverse to the moving party, is not timely raised in the trial court. Accordingly, the issue cannot be considered on appeal, except in certain limited situations[1], none of which are applicable here.
Joe Jarred contends that the trial court erred in holding that the wife's retirement benefits under the Federal Employees Retirement System were her separate property. No jurisprudence has been cited to this Court, involving a determination of the classification of retirement benefits under the Federal Employees Retirement System. We have carefully examined the cases cited by counsel for both parties, as well as other cases based on our own research, and have found none of these cases to be appropriate to the one at bar.
Our review of this matter convinces us, however, that it is not necessary for this Court to determine whether or not the trial court erred in designating the wife's retirement benefits as her separate property. Our view of this matter is that in this case, a classification of the wife's benefits as either separate or community property would end in the same result. If we were to hold that her retirement benefits are her separate property, then, the husband would be entitled to reimbursement of one-half of the amount contributed by the community to the wife's retirement fund. On the other hand, if we conclude that the retirement benefits are community property, then the husband is entitled to one-half of the value thereof. Inasmuch as the wife has not started drawing her retirement benefits, and the record does not indicate when (or if ever) she will start drawing these retirement benefits, and no evidence has been introduced to indicate otherwise, we are led to the conclusion that the value of the wife's retirement benefits as of December 15, 1972 (the date on which the parties commenced living separate and apart), is the amount that the community paid into the wife's retirement system, i. e., $2,804.62. Accordingly, half of that amount, i. e., $1,402.31 is due to the husband under either classification of the wife's retirement benefits. Therefore, since the result would be the same under either classification, we decline to decide whether or not these retirement benefits are community property or separate property of the wife.[2]
For the foregoing reasons, we affirm the result reached in the trial court judgment.
All costs of this appeal are assessed against plaintiff-appellant, Joe A. Jarred.
AFFIRMED.
NOTES
[1] See Summerell v. Phillips, supra, Page 546, footnote 5.
[2] Cf. Langlinais v. David, 289 So.2d 343 (La. App. 3 Cir. 1974); Moon v. Moon, 345 So.2d 168 (La.App. 3 Cir. 1977); Swope v. Mitchell, 324 So.2d 461 (La.App. 3 Cir. 1975).