BARKDULL, Judge.
Appellant-husband filed a petition for dissolution of marriage, alleging the residence of appellee-wife to be Goldsboro, North Carolina. She was served by publication, per Chapter 49, Florida Statutes (1977).
The wife, by affidavit, claims her permanent residence is Escambia County and it has never been elsewhere. The husband’s affidavit alleges the parties were married in Pensacola on December 20, 1970 and resided there until August of 1971. They moved to North Carolina in October of 1973 and, in September of 1976, he moved to Miami where he now resides. The wife’s affidavit alleges that she is a bona fide resident of Escambia County; it has been her permanent home since birth; the parties were married in said County; it was the only County in Florida where the parties resided; that she is a registered voter in said County; that she is presently enrolled in East Carolina University near Goldsboro, paying an out-of-state fee as a student; that her car is licensed in Escam-bia County, bearing Escambia County plates; and that in September of 1976 the husband left North Carolina, where they had been living for three years, and moved to Miami. The wife filed a motion for change of venue to Escambia County Circuit Court, which was granted.
The husband now appeals and contends that the trial court erred in granting the change of venue, in that the appellee-wife is presently and has been physically residing in Goldsboro, North Carolina since August of 1973 and the parties have not resided in Escambia County, Florida since 1971.
*815 Although domicile and residence may be in different places [see: Minick v. Minick, 111 Fla. 469, 149 So. 483 (1933); Campbell v. Campbell, 57 So.2d 34 (Fla.1952); Brown v. Brown, 123 So.2d 382 (Fla.2d DCA 1960)] a wife’s domicile generally follows that of her husband, at least during the period of the marriage when they reside together. Minick v. Minick, supra; Frank v. Frank, 75 So.2d 282 (Fla.1954). Therefore, during the time the parties resided in North Carolina, the wife’s domicile and residence was there. There was nothing before the trial judge that demonstrated that the wife had established a residence other than in North Carolina subsequent to the separation of the parties. It affirmatively appears, from the husband’s affidavit, that the wife continued a residence in North Carolina subsequent to the separation, and service of process by publication, pursuant to a statute that provides service on a non-resident, was appropriate. Venue is proper in Dade County because there were no facts alleged which showed that the wife established a domicile in Florida after the separation in North Carolina. There was no showing as to when she registered to vote, and mere licensing of an automobile plus the payment of a non-resident fee to a college in North Carolina does not make her domiciled in Florida. There is no showing of any place in Florida where she could have been validly served with personal process.
We have not overlooked Bowers v. Bowers, 287 So.2d 722 (Fla. 1st DCA 1973) or Simpson v. Simpson, 339 So.2d 250 (Fla.2d DCA 1976). In the former, the court held that a wife who had been physically present in the State for more than three years with the intention, during that period, to remain in Florida indefinitely could not (after her husband departed the State) be deprived of the court’s services of the State of Florida. In the latter, the court said that a wife’s residence might not necessarily follow that of her husband when he departed the State, but was to be determined according to the facts pertinent to her as an individual. Neither of these cases support the finding of a residency or domicile in Florida of this appellee, which would have materialized subsequent to the separation in North Carolina.
Therefore, the order under review be and the same is hereby reversed.
Reversed.