357 So.2d 1266 (1978)
Cheryl Faye Powell PASCHALL, Plaintiff-Appellee,
v.
Freddie B. PASCHALL, Defendant-Appellant.
No. 13528.
Court of Appeal of Louisiana, Second Circuit.
March 27, 1978.
*1267 Booth, Lockard, Jack, Pleasant & LeSage by Joe C. LeSage, Jr., Shreveport, for defendant-appellant.
Wilson & Veatch by Thomas A. Wilson, Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and JONES, JJ.
JONES, Judge.
Appellant-husband appeals from a separation judgment on the grounds that the trial court improperly overruled his exception of venue. Appellant contends the separation judgment is a nullity because the exception of venue should have been sustained. The exception was based upon failure of the wife's suit to meet the requirements of C.C.P. Art. 3941.[1] The trial court found plaintiff was justified in leaving the last matrimonial domicile in Tennessee because defendant's acts of misconduct were substantially similar to grounds for separation and for this reason found plaintiff was entitled to establish her domicile in Caddo Parish, which then became a place of proper venue under C.C.P. Art. 3941 for her separation suit. We affirm.
Plaintiff and defendant were married in Caddo Parish where they established their matrimonial domicile. Subsequently they moved to Memphis, Tennessee, and continued to live there until the wife left with the children and returned to Shreveport in April, 1977. The wife filed suit in Caddo Parish for separation on grounds of the husband's cruel treatment. Defendant filed the exception of venue contending that the wife's domicile is that of her husband (i. e., Tennessee) and she had no cause to leave the matrimonial domicile in Tennessee and establish her separate domicile in Caddo Parish.
At trial on the exception plaintiff and her father testified to circumstances surrounding her leaving the last matrimonial domicile in Memphis and establishing a separate domicile in Caddo Parish. The wife testified her husband's acts of mental cruelty included his ignoring her, his refusal to have sexual relations with her, his accusations that she is an unfit mother, his cursing and degrading her in public and private, and his refusal to give her funds for the purchase of necessary personal and household items. The wife established that she and her children were living in Caddo Parish with her parents and intended to stay there indefinitely. Defendant presented no evidence.
The requirements of jurisdiction over the subject matter and venue are intertwined in domestic proceedings. Venue means the parish where an action or proceeding may properly be brought and tried. C.C.P. Art. 41. Under the special venue provision in C.C.P. Art. 3941, a separation action must be brought in one of three places: (1) domicile of the wife; (2) domicile of the husband; or (3) the last matrimonial domicile. The venue mandated by C.C.P. Art. 3941 is nonwaivable, is sometimes referred to as jurisdictional venue, and a judgment obtained in contravention of it is an absolute nullity. Generally the domicile of a married woman is the domicile of her husband (C.C. Art. 39), and a woman *1268 cannot establish a separate domicile unless her husband has abandoned her or unless her husband's conduct justifies her leaving. The nature of the husband's misconduct must be "substantially" similar to those grounds for granting a separation (i. e., abandonment, physical or mental cruelty, habitual intemperance, threat against the life of the spouse, etc.). See Berry v. Berry, 310 So.2d 626 (La.1975); and Johnson v. Welch, 334 So.2d 395 (La.1976).
For jurisdiction[2] plaintiff necessarily relies upon C.C. Art. 142 which provides a separation may be obtained in Louisiana for any cause allowed by this state even if the cause occurred elsewhere while either or both of the spouses were domiciled elsewhere, provided the person obtaining the separation was domiciled in this state prior to the time the cause of action accrued, and is domiciled in this state at the time the action is filed. For venue plaintiff must establish a right to create a separate domicile in Caddo Parish, Louisiana.
The trial judge found plaintiff made a prima facie showing that her husband had subjected her to mental cruelty in Memphis, Tennessee. She was therefore entitled to establish a separate domicile in Caddo Parish and there to institute her separation suit under C.C. Art. 142 and C.C.P. Art. 3941.
Defendant assigns as error the trial court's holding that plaintiff primarily with her own testimony has established justification for leaving the matrimonial domicile and creating a domicile of her own while at the same time indicating the wife's evidence was inadequate to establish grounds for a separation in an uncontested case.
A careful review of the colloquy between the trial judge and counsel for defendant reflects that while the judge indicated he would not have awarded plaintiff a separation in an uncontested case based upon her testimony, he considered the testimony presented by the wife and father in this contested posture, which was subject to cross-examination by defendant's counsel, to be straightforward, honest and unevasive. Under the circumstances the trial judge stated he accepted the credibility of these witnesses. He concluded the wife, primarily with her own testimony, established that she left the matrimonial domicile for reasons which would entitle her to a separation and, therefore, she was justified in establishing a separate domicile. The trial judge did not say that the same evidence produced under the same circumstances and not rebutted would not be adequate to support a judgment for separation.
The trial judge's comment that he would not have awarded plaintiff a separation based upon the same testimony if produced in an uncontested situation must be considered in light of his further observations on the quality of the testimony elicited in the contested situation. It is our view that this comment under these circumstances does not detract from his findings nor affect the weight to which these findings are entitled upon appeal.
We find the evidence fully supports the judgment of the trial court overruling the exception of venue, and therefore the separation judgment is valid.
Affirmed at appellant's cost.
NOTES
[1] C.C.P. Art. 3941

"An action for an annulment of marriage, for a separation from bed and board, or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.
"The venue provided in this article may not be waived, and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity."
[2] Art. 1 Jurisdiction defined

"Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled."