ARMSTRONG, Judge.
Frank A. Hawkins appeals from the denial of an exception of prescription and from a judgment of the trial court declaring his May 29, 1975 divorce decree an absolute nullity. We affirm.
Frank and Cynthia Hawkins were married on February 7, 1970 in Jefferson Parish where they established their matrimonial domicile. Frank began a military tour of duty a few days after his marriage. A son, Frankie Jr., was born to the couple while Frank was stationed in Vietnam. Frank was discharged from the Army in September, 1971. He filed for divorce in Orleans Parish on November 10, 1971, alleging that he and Cynthia had lived separate and apart for two years. A judgment of divorce was granted on May 29, 1975. A second child, Latachia, was born on October 3, 1976.
The record reflects that Frank remarried on April 1, 1981.[1] Being unable to obtain certified copies of his 1975 divorce papers, Frank decided to reinstitute divorce proceedings against Cynthia. A second petition for divorce was filed in Jefferson Parish on May 1, 1981 and was granted on June 1, 1981, two months after his remarriage.
Frank’s second wife, Dianne, was employed as a teacher at McDonough 32, the same school attended by the Hawkins children. In May, 1982 Dianne was placed in *1319 charge of the Spring Festival. Dianne informed the school principal that she refused to introduce Latachia, a participant in the school pageant, as the daughter of Frank Hawkins since the child was born after Frank’s 1975 divorce. Latachia’s teachers then ceased addressing the child as “Latachia Hawkins”. On May 8, 1982 Cynthia confronted the school authorities and presented her 1981 divorce papers. She was informed of the 1975 divorce and told that since Latachia was not legally Frank’s child she had no right to use his name. Cynthia filed a defamation suit on May 26, 1982 naming Frank, Dianne, the school principal and the Orleans Parish School Board as defendants.
On November 23, 1983, Cynthia filed an action to nullify the 1975 divorce, alleging that it was obtained by fraud and ill-practice. LSA-C.C.P. Art. 2004.[2] Frank subsequently filed an exception of prescription, arguing that more than one year had lapsed from the date of the school confrontation on May 8,1982 during which Cynthia was informed of the 1975 divorce and the date of the filing of the nullity action on November 22, 1983. Cynthia maintained that she was presented copies of the 1975 divorce papers for the first time at a deposition relative to the defamation suit which was conducted on March 23, 1983.
After a trial on the merits the district court denied the exception of prescription having found that Frank did not prove that Cynthia had actual knowledge of the 1975 divorce judgment before a copy was tendered to her at the March 23,1983 deposition. We find no error in the ruling of the trial court.
The district court additionally declared the 1975 divorce an absolute nullity under LSA-C.C.P. Art. 3941 because of improper venue.[3] LSA-C.C.P. Art. 3941 mandates that an action of divorce be brought in the parish where either party is domiciled, or in the parish of the last matrimonial domicile. The trial court held that Frank and Cynthia Hawkins were in fact domiciled in Jefferson Parish when the first divorce was filed and rendered in Orleans Parish. We agree.
At trial Cynthia Hawkins testified that she and Frank resided together in Jefferson Parish at an apartment on LeBoeuf Street from 1970 to 1973 when they moved to another apartment on Romaine Street, also in Jefferson Parish. They lived together on Romaine Street until after the birth of Latachia in 1976. These facts were confirmed by Cynthia’s mother, the Hawkins’ landlady, a family friend and by Frank’s own sister.
Frank testified that he had lived with his mother in Orleans Parish since his discharge from the Army in 1971. We note, as did the trial court, that the 1981 petition of divorce specifically designates Jefferson Parish as the matrimonial domicile of the parties until their separation in 1978. In addition, the 1981 petition names both Frankie Jr. and Latachia as children of the marriage.
The venue mandated by LSA-C. C.P. Art. 3941 cannot be waived and a judgment obtained in contravention of it is an absolute nullity. Paschall v. Paschall, 357 So.2d 1266 (La.App.2d Cir.1978). On the basis of the record before us, we hold that the 1975 divorce of Cynthia and Frank Hawkins was filed and rendered in a court *1320 of improper venue and was thus an absolute nullity.
Accordingly, we decline to address appellant’s secondary challenges regarding the validity of the 1975 divorce. Por the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. The record presents some confusion as to whether the second marriage occurred on April 1, 1981 or on April 1, 1982.

. ART. 2004. ANNULMENT FOR VICES OF SUBSTANCE; PEREMPTION OF ACTION
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

. ART. 3941. COURT WHERE ACTION BROUGHT; NULLITY OF JUDGMENT OF COURT OF IMPROPER VENUE
An action for an annulment of marriage, for a separation from bed and board, or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.
The venue mandated by LSA-C.C.P. Art. 3941 cannot be waived and a judgment obtained in contravention of it is an absolute nullity.