322 So.2d 352 (1975)
Susan Johnson, wife of Charles E. WELSH
v.
Charles E. WELSH.
No. 7235.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
Rehearing Denied December 9, 1975.
Writ Granted January 30, 1976.
*353 T. M. McBride, III, Chalmette, for plaintiff-appellee.
Garland R. Rolling, Metairie, for defendant-appellant.
Before REDMANN, GULOTTA and SCHOTT, JJ.
REDMANN, Judge.
Appealing from a March 24, 1975 default judgment of separation, a husband argues only that the trial court in Plaquemines Parish lacked non-waivable venue, C.C.P. 3941, because his wife (unlike the wife in Berry v. Berry, La.1975, 310 So.2d 626) did not have lawful cause to leave her husband's domicile in Jefferson Parish and establish a separate domicile of her own in Plaquemines.[1]
Pretermitting other questions, we reason that a law which would enable a husband, but not a wife, to move at will to a new parish and there sue, would violate La.Const. art. 1 § 3: "No law shall arbitrarily, capriciously, or unreasonably discriminate *354 against a person because of. . . sex . . . ."
Accordingly, today more than ever C.C. 39's aphorism making the wife's domicile that of her husband must be construed to mean that, if living together at their matrimonial domicile (see Clark v. Clark, 1919, 145 La. 740, 82 So. 875, 876), the two spouses have only that one domicile. Although C.C. 120 gives to the husband the final selection of the family home and declares the wife "bound" to live with the husband at the domicile he selects, there is only one penalty for the wife's refusal to do so: "all that the law does is to denounce the refusal of the wife to live with the husband as an abandonment and to allow a separation from bed and board on that ground." Latham v. Latham, 1950, 216 La. 791, 44 So.2d 870, 871. Thus even if the wife unjustifiably abandons the husband, she today is not (if ever she was) imaginarily incarcerated in whatever domicile her husband may elect, as if she were a runaway child.
Precisely because "an unwilling wife cannot be compelled to live with her husband," Latham, 44 So.2d at 871, a wife who is no longer willing to live with her husbandjust like a husband who is no longer willing to live with his wifehas the legal power to establish a new domicile wherever she pleases.
On the question of ability to establish a new domicile, it makes no difference how the unwillingness to live with the other spouse arose: no difference for the husband, and none for the wife. Either spouse can, under any circumstances, leave the other, go elsewhere and there establish a domicile, and there meet the unwaivable venue requirement of C.C.P. 3941.
The evidence shows that this plaintiff spouse did return to her original domicile in Plaquemines parish with the intent there to remain indefinitely and without any intent of returning again to the matrimonial domicile she shared with her husband in Jefferson parish. Her domicile thus became Plaquemines parish, and Plaquemines became a parish of proper venue under C.C.P. 3941.
Affirmed.
NOTES
[1] The husband also asks that we consider that his first attorney's failure to file an answer prevented his contesting this matter. But such a failure by an attorney is neither an exception to the law authorizing default judgments, C.C.P. 1701-1702, nor cause for annulling a default judgment, C.C.P. 2002 and 2004.