334 So.2d 395 (1976)
Susan JOHNSON, wife of Charles E. Welsh
v.
Charles E. WELSH.
No. 57312.
Supreme Court of Louisiana.
June 21, 1976.
T. M. McBride, III, Chalmette, for plaintiff-respondent.
Garland R. Rolling, Metairie, for defendant-applicant.
*396 MARCUS, Justice.
In this action for a separation from bed and board, the principal issue before us is whether suit was filed in a court of proper venue.
On September 3, 1974, plaintiff Susan Johnson Welsh filed suit in Plaquemines Parish against her husband Charles E. Welsh, for a separation from bed and board on the ground of cruel treatment. In her petition she alleged that by reason of defendant's heavy drinking and physical abuse she was forced on August 29, 1974 to leave the matrimonial domicile in Gretna in Jefferson Parish and to return to her parents' home in Buras, located in Plaquemines Parish. Service of process was personally made on defendant and he engaged an attorney to defend him in the litigation. However, he failed to answer plaintiff's petition and, on December 17, 1974, plaintiff obtained a judgment of separation by default. On March 24, 1975, the judgment of default was confirmed.
Thereafter defendant appealed, contending that the trial court lacked venue in the case because plaintiff was not domiciled in Plaquemines Parish. The court of appeal held that plaintiff had established a domicile in Plaquemines Parish and affirmed the judgment of the trial court. 322 So.2d 352 (La.App. 4th Cir. 1975). We granted defendant's application for certiorari. 325 So.2d 604 (La.1976).
An action for an annulment of marriage, separation from bed and board, or divorce must be brought in the parish where either party is domiciled, or in the parish of the last matrimonial domicile. La.Code Civ.P. art. 3941 (1960). The prescribed venue is jurisdictional; it may not be waived and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity. Id.
With regard to determining domicile, article 39 of the Civil Code declares that the domicile of a married woman is that of her husband. Despite the fact that the unconstitutionality of Civil Code article 39 was not pleaded in the trial court, the court of appeal reasoned that this article, insofar as it would enable a husband, but not a wife, to move at will to a new parish and there sue for a separation or divorce, would violate article 1, section 3 of the Louisiana Constitution of 1974.[1]
It is well settled that all laws are presumed to be constitutional until the contrary is made to appear, and that as a general rule a litigant cannot raise the unconstitutionality of a statute unless its unconstitutionality is specially pleaded and the grounds particularized. Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971) and cases cited therein; City of Shreveport v. Pedro, 170 La. 351, 127 So. 865 (1930). As a corollary of this rule, a litigant who fails to plead the unconstitutionality of a statute in the trial court cannot raise the constitutional issue in the appellate court. E. g., Summerell v. Phillips, supra; Maher v. City of New Orleans, 256 La. 131, 235 So.2d 402 (1970); State ex rel. McAvoy v. Louisiana State Board of Medical Examiners, 238 La. 502, 115 So. 2d 833 (1959); Southern Enterprises v. Foster, 203 La. 133, 13 So.2d 491 (1943).
Since the constitutionality of article 39 of the Civil Code was not attacked by the pleadings in the trial court,[2] the court *397 of appeal erred in passing upon the issue. The question of its constitutionality was not before that court; nor is it before us.
Moreover, the appellate court's consideration of the constitutional issue was contrary to the settled judicial practice of declining to determine the constitutionality of laws unless such a determination is necessary for disposition of the cause. Lake, Inc. v. Louisiana Power & Light Co., 330 So.2d 914 (La., 1976); In re Interest of Toler, 262 La. 557, 263 So.2d 888 (1972); Tafaro's Investment Co. v. Division of Housing of Improvement, 261 La. 183, 259 So.2d 57 (1972); Aucoin v. Dunn, 255 La. 823, 233 So.2d 530 (1970). Accord, Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972). In our opinion, the same result in this case can be reached on nonconstitutional grounds, making consideration of the constitutionality of article 39 of the Civil Code improper.
Although article 39 of the Civil Code expresses the general rule that a wife's domicile is that of her husband, in exception to that rule our jurisprudence has long declared that a married woman may acquire a domicile separate from that of her husband if she is abandoned, or if her husband's misconduct justifies her leaving. Berry v. Berry, 310 So.2d 626 (La. 1975); Bush v. Bush, 232 La. 747, 95 So. 2d 298 (1957); Smith v. Smith, 43 La.Ann. 1140, 10 So. 248 (1891). Misconduct on the part of the husband that would justify the wife's establishing a separate domicile is substantially equivalent to conduct that would constitute grounds for a separation. Berry v. Berry, supra.
Plaintiff and her father testified at the hearing in the trial court in which the judgment of default was confirmed. Plaintiff stated that defendant used to come home almost every night after nine o'clock in an intoxicated condition. On August 29, 1974, he returned home drunk and in an irritated mood. While changing their daughter's diapers, defendant, according to plaintiff's testimony at the hearing, without provocation shoved plaintiff against the wall and began to choke her. She struggled to regain her freedom and asked to leave. Defendant told her to "take the kids and get out," and she telephoned her father for a ride to her parents' home.
Plaintiff's father arrived shortly afterwards, finding defendant in a very drunk condition. He witnessed his daughter and grandchildren crying, and also noticed a red streak around his daughter's neck. Defendant again warned his wife and her father to get out. Plaintiff's father brought plaintiff and her two children to his home, where they thereafter resided.
After carefully reviewing the transcript of the hearing, we conclude that plaintiff established a prima facie case for a judgment of separation by default on the ground of cruel treatment. La.Code Civ.P. art. 1702 (1960). Since the degree of misconduct that would constitute grounds for a separation is substantially similar to misconduct that would justify the wife's establishing a separate domicile, plaintiff was legally entitled to acquire a separate domicile in Plaquemines Parish. Berry v. Berry, supra. We further find that plaintiff in fact resided in her parents' home (where she also lived prior to her marriage) with the intention of making Plaquemines Parish her principal domestic establishment. La.Civil Code art. 41 (1870). Consequently, when she instituted this action plaintiff was domiciled in Plaquemines Parish, and the trial court therein was a court of proper venue.
Defendant also urges an "equitable" argument, unsupported by any authority, that the judgment of separation should be reversed because the failure of his attorney to answer the petition or make any appearance on his behalf prevented him from contesting this matter. The court of appeal correctly held that such failure does not constitute a ground upon which a judgment of default may be set aside. La.Code Civ.P. arts. 1701-02, 2002, 2004 (1960).

*398 DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
DIXON, CALOGERO and DENNIS, JJ., concur.
NOTES
[1] This provision states:

§ 3. Right to Individual Dignity
Section 3. No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime. (Emphasis added.)
[2] In fact, the constitutional issue was not even briefed or raised by the parties in this case on appeal; plaintiff asserts in oral argument before this court that the court of appeal itself first raised the issue ex proprio motu.