CULPEPPER, Judge.
Plaintiff, Cylyce Eidson Craig, sued for a judgment of separation from bed and board, child support, and alimony pendente lite. To the rule for alimony pendente lite and child support, defendant, Johnnie Floyd Craig, Jr., filed an exception of improper' venue, which was sustained by the trial court, and plaintiff’s suit was dismissed. The plaintiff wife appeals.
The sole error assigned by the wife on appeal is that LSA-C.C. Article 39, which provides that the wife can have no other domicile than that of her husband, is uncon *1120 stitutional as applied to the venue requirement of LSA-C.C.P. Article 3941.
The facts are not disputed. Counsel stipulated to the following:
(1) That plaintiff and defendant were married on September 27, 1975, in Lake Charles, Louisiana, which is in Calcasieu Parish;
(2) That one child, Summer de Layne Craig, was born of the marriage on January 4, 1977;
(3) That plaintiff and defendant thereafter lived in a residence on Frusha Drive in DeRidder, Louisiana, which is in Beauregard Parish;
(4) During the month of October, 1977, plaintiff moved to Lake Charles, Louisiana, which is in Calcasieu Parish, with her child and moved in with her parents at their residence in West Lake Louisiana;
(5) That this suit was instituted by the wife, Cylyce Eidson Craig, on October 28, 1977, in Calcasieu Parish.
It is noted that the stipulated facts do not state any fault on the part of the husband or other cause for the wife moving from the matrimonial domicile to the home of her parents.
Plaintiff relies principally on the Court of Appeal decision in Welsh v. Welsh, 322 So.2d 352 (4th Cir. 1976), in which the court held that LSA-C.C. Article 39 is unconstitutional insofar as it applies to LSA C.C.P. Article 3941, because this allows a husband, but not a wife, to move at will to a new parish and there file suit for separation or divorce. The court held this violates Louisiana Constitution of 1974, Article 1, Section 3 which provides in part that “No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of . sex . . . .”
Our Supreme Court granted writs in the Welsh case, and in an opinion cited as Johnson v. Welsh, 334 So.2d 395 (La.S.Ct.1976) held that the issue of the constitutionality of LSA-C.C. Article 39 was not properly before the appellate court because it was not raised by the wife by pleadings in the trial court. The Supreme Court went on to hold on the facts that, because of the husband’s cruel treatment, the wife was entitled to move from the husband’s domicile and establish a new domicile separate from that of her husband. Thus, our Supreme Court has not held Civil Code Article 39 unconstitutional as applied to the venue question at issue here.
The defendant husband argues that Civil Code Article 39, which provides that the wife can have no other domicile than that of her husband, is part of the overall pattern of the provisions of our Civil Code designed to protect the stability of marriage and to establish the duties of the husband and wife to live with each other and to maintain a home in which the children can be cared for and educated. The husband points to Article 86, which provides that marriage is a civil contract; to Article 119 which provides that the husband and wife owe to each other mutuality, fidelity, support and assistance; to Article 120 which provides that the wife is bound to live with her husband and to follow him wherever he chooses to live, and the husband has the obligation to receive his wife and to furnish her with the necessities and conveniences of life according to his ability; and to Article 227 which provides that mothers and fathers, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children.
The husband argues that these laws regarding marriage and family were adopted by our legislature for legitimate purposes, and that there is a strong presumption that duly enacted statutes are constitutional.
We recognize that there are persuasive arguments on both sides of the question at issue here. The question will probably reach our Supreme Court eventually, and they will make a determination for our guidance. However, we are loath to cast aside a statute which our legislature, in its wisdom and discretion, adopted as part of the pattern of laws designed to protect marriage, home and family.
*1121 A factor in our decision is that in recent cases our Supreme Court, although divided, has shown a tendency to uphold the constitutionality of other statutes which treat women different from men. For instance, in Williams v. Williams, 331 So.2d 438 (La.S.Ct.1976) our Supreme Court upheld the constitutionality of Civil Code Article 148 which grants to women, but not to men, alimony pendente lite. The court held this statute does not arbitrarily, capriciously and unreasonably discriminate against men on the basis of sex.
In the case of State v. Barton, 315 So.2d 289 (S.Ct.1975), the court held that R.S. 14:74, which punishes the father but not the mother for intentional nonsupport of his family, is not unconstitutional. And, in the very recent case of Loyacano v. Loyacano, 358 So.2d 304 (S.Ct.1978) the court held that Civil Code Article 160, which provides alimony after divorce to the wife but not to the husband, is not unconstitutional.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns reasons.
WATSON, J., dissents and assigns written reasons.