365 So.2d 1298 (1978)
Cylyce Eidson CRAIG
v.
Johnnie Floyd CRAIG, Jr.
No. 62396.
Supreme Court of Louisiana.
December 13, 1978.
Dissenting Opinion January 29, 1979.
Robert W. Fenet, F. Steve Landreneau, Woodley & Fenet, Lake Charles, for plaintiff-applicant.
C. Allen Bradley, Jr., Evans & Bradley, De Ridder, for defendant-respondent.
MARCUS, Justice.
Cylyce Eidson Craig filed suit against her husband, Johnnie Floyd Craig, Jr., for a separation from bed and board on the ground of abandonment. Suit was filed in Calcasieu Parish. Defendant husband filed an exception of improper venue alleging that the matrimonial domicile was in Beauregard Parish and that, since his wife was not forced to leave the matrimonial domicile due to any misconduct on his part, she could not establish a separate domicile in Calcasieu Parish. Therefore, her action *1299 for separation from bed and board was filed in a court of improper venue. Plaintiff wife thereafter filed a supplemental and amended petition in which she specifically pleaded that La.Civil Code art. 39[1] was unconstitutional insofar as it enabled a husband, but not a wife, to establish a separate domicile and there bring an action for a separation from bed and board.
At the hearing on defendant's exception of improper venue, the parties stipulated that Beauregard Parish was the matrimonial domicile and that plaintiff had moved to Calcasieu Parish with the couple's child in order to live with her parents. The trial judge maintained defendant's exception of improper venue, noting that the stipulation of facts contained no information or evidence establishing that plaintiff had left the matrimonial domicile (Beauregard Parish) for good cause.
The court of appeal affirmed the judgment of the trial court, holding that article 39, as applied to the venue requirements of La.Code Civ.P. art. 3941[2] is constitutional.[3] On plaintiff's application, we granted certiorari to review the correctness of this decision.[4]
The sole issue presented for our resolution is whether article 39 is unconstitutional either under the state or federal constitutions, insofar as it enables a husband, but not a wife, to establish a separate domicile and there bring an action for annulment of marriage, separation from bed and board, or divorce.[5]
Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La.Code Civ.P. art. 41. An action for annulment of marriage, separation from bed and board, or divorce must be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile. La.Code Civ.P. art. 3941. This prescribed venue is jurisdictional; it may not be waived and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity. Id.; Official Comment (f).
To determine domicile for the purpose of satisfying the venue requirements of article 3941 of the Code of Civil Procedure, La.Civil Code art. 39 declares that a married woman has no other domicile than that of her husband. Our jurisprudence has created an exception to this general rule of article 39 in providing that a married woman may acquire a domicile separate from that of her husband if she is abandoned, or if her husband's misconduct justifies her leaving. Johnson v. Welsh, 334 So.2d 395 (La.1976); Berry v. Berry, 310 So.2d 626 (La.1975); Bush v. Bush, 232 La. 747, 95 So.2d 298 *1300 (1957); Smith v. Smith, 43 La.Ann. 1140, 10 So. 248 (1891). Misconduct on the part of the husband that would justify the wife's establishing a separate domicile is substantially equivalent to the conduct that would constitute grounds for a separation. Johnson v. Welsh, supra; Berry v. Berry, supra. It is thus apparent that, if the wife chooses to bring an action for annulment of marriage, separation from bed and board, or divorce in a parish other than that of the matrimonial domicile or the husband's domicile, she must offer proof of her husband's misconduct (equivalent to conduct that would constitute grounds for a separation) which justifies her in establishing a separate domicile. On the other hand, if the husband chooses to bring such an action in a parish other than the matrimonial domicile, he need not offer proof of the wife's misconduct. Hence, article 39, as it is applied to the venue requirements of article 3941 of the Code of Civil Procedure creates a sexbased classification treating husbands and wives in a dissimilar manner.
Article 1, section 3 of the Louisiana Constitution of 1974 provides:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
In State v. Barton, 315 So.2d 289 (La.1975), we defined the scope and effect of this constitutional provision:
The first sentence of the section was intended only as a restatement of the federal equal protection guarantee... The second sentence (which uses absolute language), in comparison with the third sentence (which employs the arbitrary, capricious, or unreasonable formula), permits no discrimination because of race or religious ideas, beliefs, or affiliations.
The third sentence delineates the limitation on the power of the state to discriminate by law against persons of specified classes, including members of either sex. The limitation imposed does not absolutely preclude the legislature from defining the range of persons affected by legislation according to the various classes listed in the section; rather, it proscribes the unreasonable or arbitrary definition of those affected according to class. Accordingly, if the discrimination that results from the legislative classification is found to be within reason, the statute is not in violation of the constitution.
We are unable to say that the discrimination that obviously results from this legislative classification treating husbands and wives in a dissimilar manner is within reason. We discern no legitimate purpose served by the classification. We reject the reasoning of the appeals court that the classification was adopted as part of the overall "pattern of laws designed to protect the marriage, home and family." Rather, we consider the sole effect of the sex-based classification is to afford the husband a procedural advantage denied the wife in an action for annulment of marriage, separation from bed and board, or divorce, i. e., the right to establish a separate domicile in which to bring the action. The procedural right of the wife to establish a separate domicile from that of her husband in satisfaction of the venue requirements of article 3941 of the Code of Civil Procedure is in no way reasonably related to the marital obligations mutually owed by the husband and the wife or to the determination of which party prevails on the merits of the action. Therefore, we conclude that the sex-based classification created by article 39, as it applies to the venue requirements of article 3941 of the Code of Civil Procedure, arbitrarily, capriciously and unreasonably discriminates against a person (a married *1301 woman) because of sex. Hence, article 39, as it applies to the venue requirements of article 3941 of the Code of Civil Procedure, violates article 1, section 3 of the Louisiana Constitution of 1974 insofar as it enables a husband, but not a wife, to establish a separate domicile and there bring an action for annulment of marriage, separation from bed and board, or divorce.[6]
Accordingly, in the instant case, plaintiff wife was free to establish a domicile separate from that of her husband in Calcasieu Parish for the purpose of bringing an action for separation from bed and board on the ground of abandonment (La.Code Civ.P. art. 3941) without first proving that her husband abandoned her or that his misconduct justified her leaving. The trial judge incorrectly sustained the exception of improper venue. The court of appeal erred in affirming the ruling of the trial court. We must reverse.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the district court for further proceedings in accordance with the views herein expressed.
SUMMERS, J., dissents and will assign reasons.
SUMMERS, Chief Justice (dissenting).
I dissent for the reasons assigned by the Court of Appeal. See 359 So.2d 111 (La. App. 3rd Cir.)
NOTES
[1] La.Civil Code art. 39 provides:

A married woman has no other domicile than that of her husband; the domicile of a minor not emancipated is that of his father, mother, or tutor; a person of full age, under interdiction, has his domicile with his curator, (emphasis added)
[2] La.Code Civ.P. art. 3941 provides:

An action for an annulment of marriage, for a separation from bed and board, or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.
The venue provided in this article may not be waived, and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity.
[3] 359 So.2d 1119 (La.App. 3d Cir. 1978).
[4] 360 So.2d 1350 (La.1978).
[5] In Johnson v. Welsh, 334 So.2d 395 (La.1976), we held that the court of appeal improperly held article 39 unconstitutional as it applied to article 3941 of the Code of Civil Procedure because the constitutionality of article 39 had not been attacked by the pleadings in the trial court and, therefore, the question of its constitutionality was not properly before that court. In addition, we noted that the court of appeal's determination of unconstitutionality was contrary to the settled judicial practice of declining to determine the constitutionality of laws unless such a determination was necessary for disposition of the cause. In Johnson, a determination of unconstitutionality was not necessary for disposition of the cause because we found from a review of the record that the husband's misconduct was sufficient to justify the wife in establishing a separate domicile. In the instant case, the constitutionality of article 39, as applied to article 3941 of the Code of Civil Procedure, was attacked by the pleadings in the trial court and the stipulation entered into between the parties precludes a finding that the wife was justified in establishing a separate domicile.
[6] As we find article 39 of the Civil Code as applied to article 3941 of the Code of Civil Procedure unconstitutional under a provision of our state constitution, it is not necessary that we consider this sex-based classification under the federal constitution.