CUTRER, Judge.
Victoria King Sadler filed a petition for the removal of Sylvester King as Administrator of the Succession of Ed King and an opposition to the private sale of succession immovables. After a hearing, the' trial judge dismissed the demands of plaintiff. Mrs. Sadler appealed.
Ed King died on March 11, 1979. King was survived by his wife, Pearl Cooper King, and a number of collateral relations. He was survived by no legitimate descendants. On August 6, 1979 Sylvester King, a brother of Ed King, was appointed as administrator to the succession. On August 13, 1979, the administrator filed a petition for private sale of immovables.
On August 29,1979, Mrs. Sadler filed her petition to remove the administrator and her opposition to the sale. A hearing was held September 11, 1979.
At trial it was shown that Mrs. Sadler was born on March 30, 1952. The certified copy of her birth certificate was introduced into evidence. The certificate reveals that Mrs. Sadler is the daughter of Willie Mae Hollins and the late Ed King. The trial court found also that Ed King publicly recognized Mrs. Sadler as his daughter.
The record further reveals that Ed King married Pearl Cooper King on January 4, 1941. Although Ed King and Mrs. King began living apart sometime after their marriage, the marriage was not dissolved until King died. Thus, at the time of Mrs. Sadler’s conception, birth and until the time of his death, Ed King was incapable of contracting marriage with Willie Mae Hol-lins.
At the hearing Mrs. Sadler’s counsel argued that Mrs. Sadler was the acknowledged illegitimate daughter of Ed King. It was further argued that LSA-C.C. art. 919 was unconstitutional and thus Mrs. Sadler was the sole heir of Ed King. Therefore, the administrator previously appointed was not qualified under Code of Civil Procedure art. 3097.[1] (The record does not reflect that he is otherwise qualified as a creditor or nominee of the surviving spouse.) The trial court rejected Mrs. Sadler’s contention and dismissed her opposition.
On appeal, the single issue presented is “whether Civil Code Article 919 [2] discrimi *978 nates against persons based upon sex and birth and is therefore unconstitutional.”
LSA-C.C. art. 919 only affects those natural children who have been duly acknowledged. Before we reach the issue presented, we must determine whether Ed King, deceased, could have legally acknowledged Mrs. Sadler under the undisputed facts presented. Also, if Mrs. Sadler was unac-knowledgeable, we shall examine the effect thereof. To make these determinations, we refer to Civil Code articles 204 and 920.[3]
LSA-C.C. art. 204 provides as follows:

“Such acknowledgment shall not be made in favor of children whose parents were incapable of contracting marriage at the time of conception; however, such acknowledgment may be made if the parents should contract a legal marriage with each other.”

LSA-C.C. art. 920 provides as follows:

“Bastards, adulterous or incestuous children shall not enjoy the right of inheriting the estates of their natural father or mother, in any of the cases above mentioned, the law allowing them nothing more than a mere alimony.”

[4]

The fact is undisputed that Ed King was married to Pearl Cooper King at the time of conception and birth of Mrs. Sadler. The record reflects that Ed King’s marriage to Pearl Cooper King continued up until his death on March 11, 1979. Under the provisions of Article 204, Mrs. Sa-dler could not be legally acknowledged by Ed King, thus she was barred from any inheritance from her father by Article 920. Since Mrs. Sadler was unacknowledgeable and does not come within the class of natural children referred to in LSA-C.C. art. 919, we do not reach the issue of the constitutionality of this article.[5]
No attack was made on the constitutionality of Article 204 or Article 920 at the trial level, nor is the constitutionality of these articles discussed by either party in brief on appeal. It is well settled that the issue of constitutionality must be raised at the trial level before it will be considered by an appellate court. Johnson v. Welsh, 334 So.2d 395 (La.1976). Under these circumstances, we affirm the trial court judgment dismissing appellant’s demands.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff-appellant, Mrs. Victoria King Sadler.
AFFIRMED.

. LSA-C.C.P. art. 3097 provides, in pertinent part, as follows:
“No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased.”

. Prior to its amendment by Acts 1979, No. 607 (effective September 7, 1979), Civil Code art. 919 provided as follows:

“Natural children are called to the inheritance of their natural father, who has duly acknowledeed them, when he has left no descendants nor ascendants, nor collateral relations, nor surviving wife, and to the exclusion only if the State.

*978
“In all other cases, they can only bring an action against their natural father or his heirs for alimony, the amount of which shall be determined, as is directed in the title: Of Father and Child.” (Emphasis added.)

.Both Article 204 and Article 920 were repealed by Acts 1979, No. 607 (effective September 7, 1979).
Since Ed King died prior to the effective date of Act 607, this Act can have no application in this case. Henry v. Jean, 238 La. 314, 115 So.2d 363 (1959).

. LSA-C.C. art. 202 defines the word “bastards” as follows:

“Illegitimate children . . . who have not been acknowledged . . ., or whose father and mother were incapable of contracting marriage at the time of conception . are contradistinguished by the appellation of bastards. ”

. It is of interest to note, however, that Art. 919 was declared unconstitutional in the very recent case of Succession of Brown, 379 So.2d 1172 (La.App. 2nd Cir. 1980).