434 So.2d 162 (1983)
Vinton J. CROSBY
v.
Lois Pitre CROSBY.
No. 82-CA-205.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
*163 C. David Schumacher and Carl J. Schumacher, Jr., Schumacher Law Corporation, Ltd., New Orleans, for defendant/plaintiff in rule/appellant.
Robert G. Creely, Amato & Creely, Gretna, for plaintiff/defendant in rule/appellee.
Before BOWES, GAUDIN and DUFRESNE, JJ.
GAUDIN, Judge.
This is an appeal by Lois Pitre Crosby from a judgment of the 24th Judicial District Court denying her permanent alimony. The trial judge found that Mrs. Crosby "... failed to show that she was free from fault..." as required by LSA-C.C. art. 160, which reads, in pertinent part:
"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony..."
We have very carefully reviewed the record of this two-day hearing, and the only testimony tending to show legal fault on Mrs. Crosby's part concerned her refusal to follow Mr. Crosby when he changed domiciles. This failure runs afoul of LSA-C.C. art. 120, which states:
"The wife is bound to live with her husband and to follow him wherever he chooses to reside; the husband is obligated to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition."
For reasons following, we find Art. 120 unconstitutional in that it discriminates against women on the sole basis of gender by arbitrarily forcing them to follow husbands wherever they chose to live, in clear violation of equal protection clauses of the federal and state constitutions.
As Mrs. Crosby's unwillingness "... to live with her husband and to follow him..." was the solitary reason she was denied permanent alimony, we reverse the district court decree and remand with instructions to the trial judge to schedule another hearing and determine the amount, if any, of permanent alimony. As Mr. Crosby's tugboat business was in a state of fluctuation when the prior rule was heard and because Mrs. Crosby's income and needs require an update, another hearing is appropriate.
The very wording of Art. 120 denies women equal protection of the laws. In striking down an Alabama statute because different treatment was accorded men and women on the basis of sex, the United States Supreme Court, in Orr v. Orr, 440 U.S. 268, 279, 99 S.Ct. 1102, 1111, 59 L.Ed.2d 306 pointed out:
"To withstand scrutiny under the equal protection clause, classification by gender must serve important governmental objectives and must be substantially related to those objectives."
We cannot envision any "important governmental objectives" served by Art. 120.
See also Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1763, 36 L.Ed.2d 583; Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225; and Lovell v. Lovell, 378 So.2d 418 (La.1979), in which the Supreme Court of Louisiana found LSA-C.C. art. 160[1] unconstitutional and stated:
"... Art. 160, prior to its amendment..., was similar in all relevant respects to Alabama's alimony statutes found to be unconstitutional in Orr v. Orr. Accordingly, we are compelled to declare... Art. 160 unconstitutional as violative of the equal protection clauses..."
The Supreme Court of Louisiana, in Craig v. Craig, 365 So.2d 1298 (La.1978), also found LSA-C.C. art. 39 unconstitutional as it allowed a husband but not a wife to establish a separate domicile.
*164 The 14th Amendment to the Constitution of the United States guarantees equal protection of the laws; as does Article 1, Section 3 of the Constitution of the State of Louisiana, which provides:
"No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations..."
We note that the constitutional issue was neither pleaded by Mrs. Crosby in the district court nor raised as an issue following the fault hearing. The trial judge took the matter under advisement, and subsequently rendered his decision. There were no oral arguments and no briefs.
Regardless, Mrs. Crosby has raised this issue on appeal, and we can consider it in accord with LSA-C.C.P. art. 2164:
"The appellate court shall render any judgment which is just, legal and proper upon the record on appeal ..."

CONCLUSION
On appeal, Mrs. Crosby contends that Art. 120 is unconstitutional and also that she was free from fault. The Crosbys were married for 18 years and had two children, and Mrs. Crosby testified that she had valid reasons for refusing to move to Harvey. As we agree with Mrs. Crosby on the constitutional issue, we have no reason to comment on her second contention.
We find Art. 120 unconstitutional, we annul and set aside the judgment adverse to Mrs. Crosby's right to seek permanent alimony and we remand this case to the 24th Judicial District Court for further proceedings consistent with instructions previously expressed.
REVERSED AND REMANDED.
BOWES, J., concurs with written reasons.
BOWES, Judge, concurring.
I concur with the result reached by the majority in this case in that I agree the judgment of the trial court should be reversed and the matter remanded to the district court because I do not feel that fault on the wife's part, to the degree necessary to deny her permanent alimony, was proven by the husband. Consequently, a hearing should be conducted in the district court to determine the amount of permanent alimony that the wife is entitled to.
However, I am not prepared to declare article 120 of the Louisiana Civil Code unconstitutional without the submission of detailed briefs from both sides regarding this question. I take note of the fact that this issue was raised for the very first time in this case, here in the appellate court, through appellant's brief, with only sparse reference to the constitutional question; and appellee's brief is devoid of any reference to the constitutional argument.
There is a serious question in my mind, which must be put to rest, as to whether the constitutional issue can properly be raised for the first time at the appellate level in the manner in which it was raised in this case.
NOTES
[1] The prior Art. 160, not the one cited earlier herein.