499 So.2d 1009 (1986)
FAUSTINA PIPE LINE COMPANY, Plaintiff-Appellee,
v.
Jean Wiley ROMERO, et ux., Defendants-Appellants.
No. 85-941.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*1010 Thompson & Sellers, Roger C. Sellers, Abbeville, for defendants-appellants.
Michael Mangham, Lafayette, Charles R. Sonnier, Abbeville, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
GUIDRY, Judge.
The instant case is one of six expropriation suits consolidated for trial. The suits remain consolidated on appeal. As the legal issues involved in all suits are identical and evolve from a common set of facts, we decide the issues in all six cases in this opinion but render a separate decree in each suit. The companion suits to this case are the following: Faustina Pipe Line Company (hereafter Faustina) versus (1) Daniel LeBlanc, et ux, 499 So.2d 1014; (2) Claude Broussard, 499 So.2d 1014; (3) Eula Broussard, et al, 499 So.2d 1014; (4) Euel Broussard, et al, 499 So.2d 1015; and, (5) Minos Broussard, Curator of Willis Broussard, et al, 499 So.2d 1015.
In these expropriation suits Faustina sought a permanent right of way and temporary work space area for installation of a gas transmission pipe line across several tracts of land belonging to defendants. The defendants in each suit filed answer contesting the right of plaintiff to expropriate their land and further contended that the amount offered and tendered by Faustina was less than the true value of the property.
The trial court, by judgment dated April 29, 1983, decreed that plaintiff was entitled to expropriate the rights of way it sought but deferred the issue of "just compensation" to further proceedings.
Following a subsequent hearing, the trial court rendered separate judgments in each of the suits fixing the just compensation due the defendants by reasons of the expropriation previously decreed. In each of the six cases now before us, the trial court determined that the just compensation due each defendant was less than the amount tendered by Faustina during good faith negotiations prior to institution of suit.
Following rendition of the latter judgments, Faustina filed motions in the several suits seeking a determination of costs and the taxation thereof against the defendants, pursuant to the provisions of La. R.S. 19:12 which states:
"If a tender is made of the true value of the property to the owner thereof, before proceeding to a forced expropriation, the costs of the expropriation proceedings shall be paid by the owner."
*1011 A hearing on said motions was held and, in due course, the trial court rendered written reasons which we quote approvingly:[1]
"These reasons pertain to the assessment of costs under the provisions of R.S. 19:12. As noted in our reasons for judgment on just compensation, the above captioned seven (7) suits, which were consolidated for trial, involved ten (10) tracts of land.
The amounts tendered by Faustina Pipe Line Company prior to the institution of the individual suits and the award by the Court for just compensation are as follows:

 AMOUNT AMOUNT COURT COSTS
DEFENDANTS OFFERED: AWARDED: ASSESSED:
---------- -------- -------- -----------
JEAN WILEY ROMERO $2,750.00 $2,216.30 $1,874.50
ET UX
Docket No. 85-941
DANIEL LEBLANC $3,212.00 $2,717.00 $1,904.42
ET UX
Docket No. 85-942
CLAUDE BROUSSARD $1,521.00 $1,036.00 $1,737.05
Docket No. 85-943
EULA BROUSSARD $2,816.00 $2,394.00 $1,763.69
Docket No. 85-944
EUEL BROUSSARD $2,060.00 $1,700.00 $1,898.87
Docket No. 85-945
MINOS BROUSSARD, $5,557.00 $3,898.48 $2,714.63
CURATOR FOR WILLIE
BROUSSARD
Docket No. 85-946

Each of the tracts involved were appraised and testified to, on behalf of Faustina, by Messrs. Gene Cope and Cordell Hebert. In addition to the fees and court appearance charges for these two experts, Faustina also seeks to have the court fix similar charges for Mr. Alfred L. Reaux, a Registered Land Surveyor, who surveyed the properties and prepared the plats that were attached to the various petitions for expropriation. With respect to Faustina's claim for Mr. Reaux's charges, we reject the same. Our reasons for doing so are (1) the plats are considered indispensible to the proper preparation for litigation by an expropriating authority, and (2) the least, in our opinion, an expropriating authority can do for a landowner is to fix the exact location of its pipeline and attending servitudes and furnish the landowners with a plat of the same.
In fixing the appriasal [sic] and appearance fees of Messrs. Cope and Hebert, we have considered, as noted in our reasons for judgment on just compensation, that all of these tracts are `very similarly situated and are in close proximity to one another.' Tracts 67, 68 and 69 are contiguous, as are Tracts 92 and 93, and Tracts 95 and 96. Each appraiser basically used the same set of comparables for his individual assessment of value for each tract.
For these reasons, we fix the expert witness fees of Messrs. Cope and Hebert at $200.00 per Tract, except for Tract 88B where no fees are allowed Faustina because the award therein exceeded the amount tendered prior to litigation.
*1012 With respect to the appearance fees of thse [sic] two experts, we note that the trial of these consolidated cases took four days to complete. Their respective testimony, on direct and cross, required their attendance for two of the four days. They remained throught [sic] the trial, however, we observed this was primarily to assist counsel for Faustina. Accordingly, we fix their respective appearance fee at $300.00 per day for 2 days and we prorate this charge against the six remaining suits. ($300.00 × 2 ÷ 6 = $100.00).
In each of the captioned suits (except Suit No. 84-45407, Tract 88B, Theodore Broussard) we fix the expert witness and appearance fees and tax the same as costs as follows:

Jean Wiley Romero, et ux
Suit No. 82-45208
Tract # 69 Mr. Gene Cope $300.00
 Mr. Cordell Hebert 300.00
 _______
 $600.00
Daniel LeBlanc, et ux
Suit No. 82-45210
Tracts # 67 & 68 Mr. Gene Cope $500.00
 Mr. Cordell Hebert 500.00
 ________
 $1,000.00
Minos J. Broussard,
 Curator for Willis
 Broussard
Suit No. 82-45405
Tracts # 85, 87 & 93 Mr. Gene Cope $700.00
 Mr. Cordell Hebert 700.00
 ________
 $1,400.00
Claude Broussard
Suit No. 82-45317
Tract # 92 Mr. Gene Cope $300.00
 Mr. Cordell Hebert 300.00
 _______
 $600.00
Eula Broussard, et al
Suit No. 82-45318
Tract # 95 Mr. Gene Cope $300.00
 Mr. Cordell Hebert 300.00
 _______
 $600.00
Euel Broussard, et al
Suit No. 82-45404
Tract # 96 Mr. Gene Cope $300.00
 Mr. Cordell Hebert 300.00
 _______
 $600.00

In addition, the above six cases are to share in and be assessed with the remaining costs of the consolidated trial in the proportions of one-seventh (1/7th) thereof together with pre & post trial costs attributable to the individual suits all of which are charged to the defendants in their respective suits ..."
Individual judgments were rendered, pursuant to these reasons assessing and taxing costs, in the several suits as indicated in the modified table, supra. Appeals were taken in each of the six cases.
Appellants do not question, on appeal, the correctness of either the judgment decreeing Faustina entitled to expropriate or the judgments decreeing the just compensation which each defendant is entitled to receive. Appellants only assail the trial court's judgment assessing and taxing costs and, in this connection, specify the following errors:
1. The trial court erred in failing to find that La.R.S. 19:12 and a portion of La. R.S. 19:8 are unconstitutional as violating the Louisiana Constitution of 1974.
2. Alternatively, the trial court erred in finding that the plaintiff proved that the amount offered or tendered as the true value of "the property" exceeded the amount awarded, and charging all costs to defendants.
Faustina timely answered defendants' appeals requesting modification of the trial court's judgment insofar as it disallowed an award (as cost of the litigation) for plaintiff's land surveyor. Appellee additionally seeks amendment of the judgments increasing the awards made by the trial judge for appellee's expert witnesses.
In appellants' first specification of error they seek to attack the constitutionality of La.R.S. 19:8 and 12. Appellants' did not, by pleadings or otherwise, raise this issue in the trial court. In Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308, 1311 (La.1984), the Louisiana Supreme Court stated:
"... The constitutionality of a statute must first be questioned in the trial court, not the appellate court. Johnson v. Welsh, 334 So.2d 395 (La.1976); Becker v. Allstate Insurance Co., 307 So.2d 101 (La.1975); Summerell v. Phillips, 247 So.2d 542 (La.1971) and cases cited therein. The plea of unconstitutionality must be specially pleaded to be considered by the court. Johnson v. Welsh, 334 So.2d 395 and cases cited therein. No assertion of unconstitutionality was *1013 pleaded prior to the brief filed in this Court. Further, where the constitutionality of a statute is at issue, the Attorney General must be served and is an indispensable party. La.C.C.P. art. 1880. The Attorney General was not served nor was he made a party to this action."
Since neither of the preceeding requirements for a constitutional attack were met in this case, we find appellants' first assignment of error not properly before us. Hence, it will not be addressed.
Appellants' second allegation of error is tenuous, at best. Appellants argue that, because Faustina did not demonstrate at trial what portion of the total amount offered and tendered in the good faith negotiations, made up the "true value" of the land, as opposed to that offered and tendered as damages, plaintiff did not meet its burden under La.R.S. 19:12, supra. Stated another way, it is appellants' contention that strict construction of La.R.S. 19:12 requires proof by Faustina that prior to trial, its offer and tender was "directed at the true value of the property itself exclusive of damages ...". At trial, Faustina established that it offered and tendered to the landowners a sum certain, which offer was for the value of the rights sought, including all damages to the land and improvements. It is uncontroverted that the amount offered as aforestated in all six cases exceeded the total amount awarded. This is the proof which was required for the taxation of costs against the landowners and it is of no consequence that Faustina did not establish the precise value attributable to each item of the total offer made and tendered prior to trial. As we stated in Louisiana Resources Co. v. Greene, et al, 406 So.2d 1360 (La.App. 3rd Cir.1981), writ denied, 412 So.2d 84 (La. 1982):
"Considering the objective of constitutional and statutory law in favor of landowners and the protection afforded them, we reject the construction of LSA-R.S. 19:12 contended for by Louisiana Resources. We believe that the meaning of "true value of the property" should not be confined to the value of the land taken without taking into account other items which may make up the total award to a landowner. In these cases before us, for example, Louisiana Resources would ignore the items included in the two awards for damages to cover the costs of releveling, loss of fertility, trespass, and in the Greene's case, severance damages. When these items are added to the value assigned to the land taken, the "true value" was not offered to the landowner.10" (footnote omitted).
We affirm the conclusion reached by this court in Greene, supra, concluding that the "true value of the property", as intended by La.R.S. 19:12, includes the value of the property sought together with all damages suffered by the landowner. For these reasons, we conclude that, in these cases, Faustina discharged the burden of proof which rested with it and the trial court correctly assessed costs of the expropriation proceedings to the landowners.
In considering appellee's answer to this appeal and Faustina's requests for expert fees for its surveyor and increased awards for its other expert witnesses, we must apply the "abuse of discretion" and "manifest error" standards in our review of the trial judge's actions. The trial judge's reasons for judgment disclose logical and well thought out reasons for the actions taken. We find neither abuse of the trial judge's much discretion nor manifest error in the judgment rendered.
Accordingly, for the reasons stated above, the judgment appealed from is affirmed. All costs of this appeal are to be borne by appellants.
AFFIRMED.
NOTES
[1] We have modified the table prepared by the learned trial judge to (a) reflect our docket numbers rather than the district courts; (b) included the total court costs assessed; and (c) omit the one suit which was not appealed since the amount awarded exceeded the amount tendered.