917 So.2d 1215 (2005)
Kelley Dandridge SCURRIA, Plaintiff-Appellant,
v.
Timothy Darren GRIGGS, Defendant-Appellee.
No. 40,327-CW.
Court of Appeal of Louisiana, Second Circuit.
December 21, 2005.
*1216 Fewell-Kitchens by Richard L. Fewell, Jr., for Appellant.
Robert C. Johnson, Monroe, for Appellee.
Before WILLIAMS, CARAWAY and LOLLEY, JJ.
LOLLEY, J.
This matter comes before this court on the application of Kelly Scurria, seeking review of a judgment from the Sixth Judicial District Court, Parish of Tensas, State of Louisiana. The trial court granted Timothy Darren Griggs' declinatory exception of venue and transferred the matter to the Fourth Judicial District Court of Ouachita *1217 Parish. For the following reasons, the judgment of the trial court is affirmed in part and reversed in part.

FACTS
Scurria and Griggs are the biological parents of the minor child and both resided in Ouachita Parish at one time. During the course of proceedings to establish child support, Scurria relocated with her husband (not Griggs) to various military bases in connection with his service in the United States Army. In July 2001, Scurria and her husband moved to Fort Benning, Georgia where he was last stationed before being deployed to Iraq.
In May of 2003, the Fourth Judicial District Court in Ouachita Parish awarded Scurria child support in the amount of $237.10 per month against Griggs. Scurria moved to St. Joseph, Louisiana in Tensas Parish in December 2004 to live close to her family while her husband was away.
The record shows that in March 2005, Scurria filed a rule for contempt in the Sixth Judicial District Court, Tensas Parish, alleging that in December 2004, Griggs was cast for past-due child support in the amount of $4,504.90, but had failed to comply with the orders of the court in paying child support and allegedly was approximately $5,216.20 in arrears. Scurria sought a court order directing Griggs to show cause why he should not be held in contempt and why she should not be awarded an executory judgment for all child support arrears, and why Griggs should not be ordered to pay reasonable attorney fees and cost of proceedings.
Griggs filed a declinatory exception of venue contending that venue was not proper in Tensas Parish. A hearing on the exception was held and following oral arguments, the district court gave his reasons for judgment. The trial court noted that while arguments had been made concerning whether or not the child support judgment for arrearages had been properly registered in the Sixth Judicial District Court pursuant to the Louisiana Code of Civil Procedure, the trial court was not going to resolve that issue. Instead, the trial court stated that although it had tried to "figure out every way that I can to hear this case in this court," the trial court was convinced that venue was not proper in Tensas Parish.
The trial court began its legal analysis of the venue issue by noting that under the general venue provisions of La. C.C.P. art. 42, an action against an individual who is domiciled in the state shall be brought in the parish of his domicile. Thus, under the general rule, venue was proper in Ouachita Parish where Griggs was domiciled. Regarding exceptions to the general rule, the trial court referred to La. C.C.P. art. 74.2 that sets forth venue for custody, child support proceedings and forum non conveniens. The trial court noted in his oral reasons for judgment that a proceeding for modification of support could be brought in the parish where the obligee was domiciled, which the trial court opined would be Tensas; however, the trial court recognized that this was not a proceeding to modify support, but instead one to enforce support. Thus, it found this instant proceeding to enforce a support order did not fall under any of the provisions of that article. Hence, the trial court granted the exception of venue and ordered that the action be transferred to Ouachita Parish. Subsequent to this, a stay order was requested by Scurria and granted, and a judgment was signed and filed on May 31, 2004. Scurria applied for supervisory writs, which were granted by this court.

DISCUSSION
The primary issue presented for our review is whether the trial court committed *1218 error in concluding that the proper venue for enforcement of child support awards and arrearages to which Scurria was and is entitled was the Fourth Judicial District Court in Ouachita Parish, Louisiana.
The trial court correctly noted that under the general rules of venue an action against an individual domiciled in this state shall be brought in the parish of his domicile. See La. C.C.P. art. 42(1). However, under the provisions of La. C.C.P. art. 43, the general rules of venue are subject to the exceptions provided in La. C.C.P. arts. 71-85, and as otherwise provided by law. Included within these exceptions are the provisions of article 74.2 which states:
A. A proceeding to obtain the legal custody of a minor or to establish an obligation of support may be brought in the parish where a party is domiciled or in the parish of the last matrimonial domicile.
B. A proceeding for change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the custody decree was rendered. If the person awarded custody is no longer domiciled in the state, the proceeding for change of custody may be brought in the parish where the person seeking a change of custody is domiciled or in the parish where the custody decree was rendered.
C. A proceeding for modification of support may be brought in any of the following:
(1) The parish where the person awarded support is domiciled.
(2) The parish where the support award was rendered if it has not been registered and confirmed in another court of this state, pursuant to the provisions of Article 2785 et seq.
(3) The parish where the support award was last registered if registered in multiple courts of this state.
(4) Any of the following, if the person awarded support is no longer domiciled in the state:
(a) The parish where the other person is domiciled.
(b) The parish where the support award was rendered if not confirmed in another court of this state pursuant to Article 2785 et seq.
(c) The parish where the support order was last confirmed pursuant to the provisions of Article 2785 et seq.
D. A proceeding to register a child support, medical support, and income assignment order, or any such order issued by a court of this state for modification, may be brought in the parish where the person awarded support is domiciled.
E. For the convenience of the parties and the witnesses and in the interest of justice, a court, upon contradictory motion or upon its own motion after notice and hearing, may transfer the custody or support proceeding to another court where the proceeding might have been brought.
The above-quoted provisions make reference to La. C.C.P. art. 2785 et seq. Those articles concern intrastate registration of support orders for modification and enforcement. As stated in La. C.C.P. art. 2785(4), the term "support order" means:
... a judgment, decree, or order, whether temporary, final, or subject to modification, for the benefit of a child, a spouse, or a former spouse, which provides for monetary support, health care, arrearages, or reimbursement, and may include related costs and fees, interest, income withholding, attorney fees, and other relief.
*1219 The intrastate registration articles allow a support order rendered by a court of this state to be registered for either modification or enforcement in another court of this state; however, in order for a support order to be registered for modification, all parties to the order must no longer be domiciled in the parish of the rendering court. See La. C.C.P. arts. 2786(A) and 2791(A). Once a support order has been properly registered and has been subsequently confirmed by the court in which the support obligation has been filed, the registered support order is treated like a support order issued by the registering court; a support order registered for modification shall be treated in the same manner and have the same effect as a support order issued by the registering court, and a support order registered for enforcement shall be enforced in the same manner as a support order issued by the registering court. See La. C.C.P. arts. 2789(C) and 2794(A).
After careful review of the procedural articles referenced above, we conclude that although the trial court was correct in granting the exception of improper venue, we do not concur with the trial court's opinion that Scurria was in fact domiciled in Tensas Parish.
Initially, we observe that the provisions of La. C.C.P. art. 2786 et seq., concerning intrastate registration of support orders for modification and enforcement, are not venue provisions. Thus, because this appeal is from a venue judgment, the question of whether the support order at issue was properly registered, vel non, in Tensas Parish is not before us. At the same time, because the provisions of La. C.C.P. art. 74.2 reference those of article 2785 et seq., and because the articles are statutes in pari materia concerning support awards, we find that the judgment for arrearages which Scurria sought to enforce in Tensas Parish falls under the definition of a "support order" both for purposes of registration and venue.
Next we examine the organization of the venue provisions in La. C.C.P. art. 74.2. There are five paragraphs under the article: paragraph (A) concerns venue for obtaining initial orders of custody or support; paragraph (B) concerns venue for change of custody; paragraph (C) concerns venue for modification of support; paragraph (D) concerns venue for registration of child support and other orders; and paragraph (E) concerns forum non conveniens. Plainly, paragraphs (A), (B), and (C) do not address venue for enforcement of support orders. However, because the definition of a support order includes a judgment for child support arrearages, and because La. C.C.P. art. 2791 et seq. specifically provides for the registration of such support orders for purposes of enforcement, the provisions of La. C.C.P. art. 74.2(D) do provide a venue for enforcement of child support arrearage judgments. We read the phrase "for modification" in paragraph (D) as modifying "any such order," a term which is one item in a series; we do not read that phrase as modifying the other items in the series. The venue established in paragraph (D) is the parish where the person awarded support is domiciled. Nevertheless, for the following reasons, we do not find that Scurria is domiciled in Tensas Parish.
Although neither appellant nor appellee assigned as error the trial court's conclusion that Scurria is domiciled in Tensas Parish, we find that in the interest of justice it is proper for this court to address the issue of Scurria's domicile. Furthermore, based on the particular language Scurria used in framing her assignment of error and the testimony she gave at trial, the issue of domicile in this case is important.[1] *1220 In her assignment of error Scurria states that it was error for the trial court to determine that Tensas Parish, the place of domicile of the obligee mother, is not the proper venue for enforcement of an alimentary obligation. (Emphasis added.)
The domicile of a citizen is the parish of his principal establishment or habitual residence. La. C.C. art. 38. The party seeking to show his domicile has changed must overcome the legal presumption that it has not been changed, by positive and satisfactory proof of the establishment of a new domicile as a matter of fact with the intention of remaining and abandoning the former domicile. La. C.C. art. 41; Lacroix v. Lacroix, 32,293 (La. App.2d Cir.09/22/99), 742 So.2d 1036, writ denied, 99-3036 (La.12/17/99), 752 So.2d 167.
The intention of making the new residence one's principal establishment is proved by either express declaration of an intent to change before the recorder of the parishes or by proof showing a change in circumstances. La. C.C. arts. 42, 43; Lacroix, supra.
To properly address the issue of Scurria's domicile, the totality of the facts and circumstances which brought her to Tensas Parish must be examined. As stated above, domicile is generally addressed by La. C.C. arts. 38-46. In those codal articles are specified means one obtains or re-obtains domicile in the state and individual parishes. Here, Scurria was a resident and obviously domiciliary of Ouachita Parish when the award of child support against Griggs was first granted. Scurria and Griggs were never married and she subsequently married her present husband. Scurria's husband, with whom she has two other children, is an active duty soldier in the U.S. Army who at the time of the filing and hearing of this action was deployed to Iraq. As previously stated, the couple had been stationed at Fort Benning, Georgia since July 2001, and his primary stationing at the time of deployment was Fort Benning, Georgia. Scurria moved to St. Joseph in Tensas Parish in November 2004, and subsequently filed this action in Tensas Parish. The child support enforcement action was commenced in Ouachita Parish and Scurria obtained judgment in that parish.
Although Scurria had once resided in Tensas Parish and it was the home of her parents and grandparents, she clearly indicated that her intentions were to reside in Tensas Parish only temporarily until her husband returned from deployment and then her intentions were to immediately rejoin him at his place of stationing.[2]
*1221 Now Scurria claims that she established domicile, as well as standing to file this rule, in Tensas Parish by the fact that: she is residing in a home provided by her family; her children have been enrolled in school in Tensas Parish since January 2005; she is registered to vote in Tensas Parish; and she has a Louisiana driver's license. Nevertheless, when considering the overall facts and circumstances presented, we find that the actions taken by Scurria do not rise to the required levels of properly establishing domicile in Tensas Parish.
In order for Scurria to validly show that she is a domiciliary of Tensas Parish she must comply with one or more of the mandates of La. C.C. arts. 38-46. We note that La. C.C. art. 40.1 addresses the domicile of military personnel; however, it is expressly limited to actions in which the service member "is a party" and, here, Scurria's husband is not a party to this proceeding. Also noteworthy is the case Craig v. Craig, 365 So.2d 1298 (La.1978), which held that former La. C.C. art. 39 as applied to venue unreasonably discriminated against married women because of sex and it violated the Louisiana Constitution, as it enabled a husband, but not a wife, to establish a separate domicile. However, the ruling in that case was specifically limited to a woman's right to have a separate domicile from her husband in order to bring an action for annulment of marriage, separation from bed and board, or divorce. (Emphasis added.)
Louisiana C.C. art. 38 states that the general requirements to establish domicile of each citizen is in the parish wherein he has his principal establishment. This code article defines the principal establishment as that in which a person makes their habitual residence; if a person resides alternately in several places, and nearly as much in one as in another, and has not declared their intention in the manner hereafter prescribed, any one of the said places where that person resides may be considered as their principal establishment, at the option of the persons whose interests are thereby affected. Louisiana C.C. arts. 39-41 are not applicable to the facts of this case, nor is La. C.C. art. 42 because no written declaration was properly filed by Scurria. In the absence of such a declaration, La. C.C. art. 43 provides that the proof of intent shall depend upon circumstances. As indicated in the following testimony given by Scurria, her actions clearly show no intent to establish domicile in Tensas Parish in accordance with the dictates of the statutes and jurisprudence:
Q: All right. And, if he (Scurria's husband) came back to the states on the state side, he would go back to Fort Benning, Georgia? Is that correct.
A: If he is not deployed somewhere else, sir. Yes, sir.
Q: It would not be here in Tensas Parish?
A: No, sir.
Q: And you would be moving with your husband, would you not?
A: If he is not deployed somewhere else, yes, sir.
Q: And the only reason that you are temporarily here in Tensas Parish is because of your husband's deployment in Iraq, is that correct?
A: That is correct.
*1222 Again when Scurria was asked if it was her plan to go back to Fort Benning, Georgia when her husband returned to the United States, she replied that was correct and she readily indicated her residence in Tensas Parish was only temporary as shown in the following colloquy:
Q: So you are just here in Louisiana temporarily, correct.
A: That is correct.
The trial court correctly indicated that a person's domicile is based on a matter of intent according to the statutes and case law. However, when considering the overall record and the described particular and peculiar facts and circumstances of this case, we find that Scurria is not a domiciliary of Tensas Parish. Instead, her actions constitute a contrivance to escape the proper jurisdiction and venue of the Fourth Judicial District Court in Ouachita Parish. We thus find that the trial court erred in its conclusion that Scurria is domiciled in Tensas Parish.[3]

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed as to the ruling that Tensas Parish is not the proper venue in this action, and is reversed insofar as Scurria was determined to be a domiciliary of Tensas Parish. Costs of these proceedings are assessed to appellant.
AFFIRMED IN PART AND REVERSED IN PART.
WILLIAMS, J., dissents with written reasons.
WILLIAMS, J., dissenting.
Because the majority insists on addressing an issue which is not properly before this court, I respectfully dissent.
Although not readily apparent to a reader of the majority opinion, this case involves the relatively straightforward application of the statutory provisions concerning venue for enforcement of child support judgments. At the hearing on the exception, the district court noted that pursuant to LSA-C.C.P. art. 74.2(D), a proceeding to register a child support order may be brought in the parish where the person awarded support is domiciled. However, the district court erroneously concluded that Article 74.2(D) "would allow just the registering of the support award here in Tensas Parish. The actual proceeding to enforce that [support judgment] would still have to be brought in Ouachita Parish."
As stated in the majority opinion, the intrastate registration articles, LSA-C.C.P. art. 2785 et seq., allow a support order rendered by a court of this state to be registered for either modification or enforcement in another court of this state. LSA-C.C.P. art. 2794 provides that once confirmed, a registered support order shall be enforced in the same manner as a support order issued by the registering court. Thus, I agree that Article 74.2(D) provides a venue for the enforcement, as well as the registration, of a child support arrearage judgment in the parish where the person awarded support is domiciled. Accordingly, Tensas Parish is a proper venue for enforcement of the child support arrearage judgment at issue herein because, as the district court found, Scurria is domiciled in Tensas Parish.
*1223 I cannot agree that this court may properly address the issue of domicile in this case. The majority's reliance on URCA Rule 1-3 is misplaced. The Louisiana Supreme Court has stated that an appellate court's authority to consider an issue in the absence of an assignment of error does not abrogate the jurisprudence which requires that a party must assert an objection in the trial court in order for an appellate court to reach the issue, whether by assignment of error or otherwise. Nicholas v. Allstate Ins. Co., 99-2522 (La.8/31/00), 765 So.2d 1017, at 1023 n. 7.
Here, the district court heard the parties' arguments on the issue of domicile and found that Scurria was domiciled in Tensas Parish. The record does not indicate that Griggs asserted an objection to the court's ruling. Thus, this court may not properly reach the issue of domicile. Further, on this record, the district court's finding was not clearly wrong. Scurria stated her intent to remain in the parish for an "undetermined" length of time, she has now been living in the parish for one year, she was registered to vote in the parish and her Louisiana driver's license listed a Tensas Parish address.
Additionally, there is nothing "troubling" about Scurria's marriage to a serviceman, since her husband is not a party to this action for child support and the majority has not cited any authority to show that this proceeding could have any effect whatever on the federal benefits or compensation related to the husband's military service. More significantly, none of these issues were raised in the district court and are not relevant considerations in this appeal.
In a final attempt to rationalize its position, the majority adds a footnote stating that even if the district court was correct in finding that Scurria was domiciled in Tensas Parish, the court could have transferred the case for the "convenience" of the parties. However, as the district court pointed out, convenience of the parties is not a factor when the issue to be decided is whether or not the biological father has complied with the court order to pay the child support arrearage. In addition, there is a question as to which party would find transfer more convenient. Certainly, the majority's result is not more convenient for the mother seeking to enforce a child support judgment in the parish of her domicile. Moreover, the debtor-father could just as easily write a check to pay his child support obligation in Tensas Parish as anywhere else.
For the foregoing reasons, I would reverse the judgment transferring this case and remand to the district court in Tensas Parish for further proceedings.
NOTES
[1] The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by La. Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise. See U.R.C.A., Rule 1-3.
[2] A very troubling element of this case is that Scurria is married to a career military man and is neither separated, nor divorced from him. We find this an important factor when deciding this case as it presents certain issues which must be considered when resolving her domiciliary status. Applicable provisions of Title 10, U.S.C.A. and Department of the Army Policies and Regulations apply directly to Scurria. She is considered a military dependant. Scurria, her husband and children resided at Ft. Benning, Georgia in Columbus, Georgia prior to her husband's deployment to Iraq and this status will remain constant until his return from deployment.

Scurria is the recipient of direct benefits as the result of her husband's duties. These benefits include her portion of his base pay (allotment), housing allowances (BAS), rations and health care benefits for both her and her children. More than likely there are other benefits Scurria receives in addition because of her husband's deployment. These benefits are resourced based upon the Zip Code of her husband's home station which in this case is Fort Benning, Georgia and not where Scurria may be temporarily residing while her husband is deployed. other benefits Scurria receives in addition because of her husband's deployment. These benefits are resourced based upon the Zip Code of her husband's home station which in this case is Fort Benning, Georgia and not where Scurria may be temporarily residing while her husband is deployed.
[3] In any event, had the trial court been correct when it stated that Scurria was domiciled in Tensas Parish, it would still have been justified in transferring the matter to the Fourth Judicial District Court in Ouachita Parish pursuant to La. C.C.P. art. 74.2(E) for the convenience of the parties and the witnesses and in the interest of justice.